24 C.C.P.A. (Patents)

In re DAVIS.

Patent Appeal No. 3671.

Court of Customs and Patent Appeals.
Nov. 30, 1936.

Ellis S. Middleton, of New York City, and Walter M. O'Brien, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant made application to the United States Patent Office for a patent for a certain alleged new and useful improvement in gypsum lumber. The application was for a reissue. Claims 1 to 10, being claims of the original patent, were allowed, while the remainder of the claims, 11 to 22, inclusive, were denied by both the Examiner and the Board of Appeals.

The appellant has appealed from the decision of the Board, as to all of said rejected claims.

The subject matter of the application is a so-called improvement in slabs for building purposes, which slabs are preferably made of gypsum. The appellant's claims are typified by claims 11 and 12, which are as follows:

"11. A precast slab of set plastic material having metallic members extending over all four edges thereof, each of said members having a horizontal flange, parallel with a slab face, a metallic member on one edge being longitudinally tongued and the opposite member being correspondingly grooved, the metallic members being rigidly joined together at their abutting ends.

"12. In a building construction, a plurality of preformed gypsum slabs arranged in a plane, each slab having on at least one pair of opposite edges metallic members, said members having inwardly turned flanges in the planes of the slab surfaces and forming edge reinforcements for opposite edges of each of said slabs, adjacent metallic members being tongued and grooved together in a tight frictional joint, and means for supporting said slabs."

These claims were rejected on reference to the following: Bailey, 603,591, May 3, 1898; Fusch, 917,859, April 13, 1909; Bird-sey, 1,902,835, March 28, 1933; Marks, 1,-912,290, May 30, 1933.

The gypsum lumber, as shown by appellant's specification, is made as follows: Each precast slab is composed of metallic members consisting essentially of a channel having top and bottom flanges, which respectively overlie a body of set cementitious material poured between the structural members. This may be of gypsum with a proportion of wood chips as a filler, or of some other material which can be readily worked and sawed or nailed. The metallic structural members which surround the slab are made with a tongue in one member which fits into a corresponding groove in the member which is to be placed adjacent to it. The channel members which surround the margins of the block and form its frame are fastened together at the corners, although the specification provides that in some cases this need not be done, as the cementitious material will obviate the necessity of such connection between the various structural members. These slabs are of sufficient size and strength to make units in a roof or floor construction, and, when placed in a building, are interlocked in such a manner, by means of the tongues and grooves, that joints can be broken and an entire structure be made without particular reference to the location of the purlins or beam spacings. It is specified that the tongues and grooves shall be so constructed that the plane surfaces which compose the respective grooves and tongues shall make an angle of less than 45 degrees with the plane of one face of the slab. This, it is claimed, prevents slipping and constitutes a tight frictional engagement of the slabs when placed in position.

The Board of Appeals was of opinion that claim 11 was anticipated by the patents to Fusch and Bailey; that claims 15 and 16 were "fairly met" by Fusch and Marks, and were unpatentable over Fusch in view of Bailey. The remaining claims, which include claim 17, amended for the purposes of appeal, were rejected "on the combination of references to which we have referred, adding the Marks' patent to Fusch in combining with Bailey." The patent to Birdsey was, in the view of the Board, not essential, but was considered as cumulative.

The patent to Bailey discloses improvements in fireproof partitions relating essentially to metallic tongued and grooved matching strips arranged between the edges of terra-cotta slabs, blocks, or plates used in the

construction of walls, partitions, ceilings, and the like. These slabs or blocks may be made of plaster, cement, or any material which may be molded in a soft shape, and which will harden for use. In one form of his invention, Bailey shows his slabs to be made with metal reinforcements about the edges, and which slabs are adapted to be fastened together by tongues and grooves of metal, placed on adjacent slabs, and which tongues and grooves are, as shown by the drawings, semicircular in shape.

The patent to Fusch shows a reinforced concrete slab, which consists of a metal framework with reinforcing cross rods, and which metal framework is filled with a slab of concrete. In the construction of the frame, channel beams are used to fabricate the edges, which channel beams have flanges, and in the corners of which channel beams are openings, through which pins are inserted to secure the slabs together at the corners by means of a metallic plate provided for that purpose. It will be noted that the specification recites, in part: "The frame is rectangular in shape, and may be of any size desired. In the construction of the frame I employ channel *beams,* the flanges 6 of which are inwardly directed as clearly shown in Fig. 4 of the drawings." (Italics ours.)

The patent to Birdsey shows a ceiling construction, showing the use of gypsum or concrete slabs which are so cast as to provide tongues along the longitudinal edge of each slab so that the slabs may be interlocked by means of the union of these tongues in contacting slabs.

The patent to Marks shows slabs of gypsum with edges inclosed in metal channels along the opposite longitudinal sides of the slabs.

■ It is argued by the appellant that the rejected claims herein recite the use of *"metallic members"* (Italics ours) surrounding each gypsum slab, and that the patent to Fusch, which is principally relied upon by the Patent Office, shows the use of but one member, it being thought by the appellant that the surrounding metallic frame of the slab in Fusch is cast in a unitary way. We have already recited that in the specification of Fusch the patentee states that in the construction of these slabs channel beams are used, and there is also good reason to assume that more than one member is used, from the appearance of Figure 2 of the drawings in this patent. However, be this as it may, we are inclined to agree with the Board of Appeals that the change of a unitary frame into one of several pieces welded together would not create a patentable distinction. In re Holmes, 63 F.(2d) 642, 20 C.C.P.A. (Patents) 899.

■ We have examined the claims of the appellant which were rejected, and agree with the Board of Appeals that claim 11, and claims 13 to 22, inclusive, are unpatentable over the references cited by the Board of Appeals.

■■ However, as to claim 12, we have arrived at a different conclusion. It will be observed that this claim recites that the adjacent metallic members are tongued and grooved together "in a tight frictional joint." The Board of Appeals was of opinion that the tongued and grooved construction of the appellant was anticipated by the disclosure of Bailey. As we have said, however, Bailey shows a tongue and groove construction which is half-round in shape. The argument is appealing that such a construction does not constitute a tight frictional joint, but is a joint which would readily yield to vertical pressure. The construction shown by the appellant being composed of adjacent surfaces, with angles of less than 45 degrees, would, to our minds, constitute a tight frictional joint which would add to the solidity and firmness of the structure. It is admitted by counsel for appellant that there is at least one other tight frictional joint used on such slabs. This structure, however, is not found in any of the references, and the matter must be determined upon the record as it comes to us. We are concerned only with the showing made by the references here, in particular the reference Bailey. We are of opinion that the patent to Bailey does not disclose a tight frictional joint, and are therefore of the opinion that the Board of Appeals should have allowed claim 12.

The decision of the Board of Appeals is modified, being affirmed as to claims 11, and 13 to 22, inclusive, and reversed as to claim 12.