38 C.C.P.A. (Patents)

Application of LIFTON.
Patent Appeal No. 5747.

United States Court of Customs
and Patent Appeals.
June 5, 1951.

Charles M. Palmer, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 14, 15, 16, 17, and 21 in appellant's application for a patent for an invention relating to a "Compound Brief Case." Process Claims 18, 19, 20, and 22 were allowed.

The appealed claims read:

"14. In a brief case, a gusset, a panel comprising complementary elbows defining a rim including upper horizontally alined and independent reaches having inner ends disposed in juxtaposition and including downwardly extending limbs depending from outer portions of said reaches, said reaches and limbs including lower and side margins respectively and constituting an opening defining an open span, a swingable closure flap for covering said opening and overlapping said margins and having a lower portion intervening said span and secured to the lower part of said gusset, tapes secured to said margins and to said flap and offset relatively thereto, and means securing said panel to said gusset.

"15. In a brief case, a gusset, a panel comprising complementary elbows defining an inverted substantially U shaped rim including upper horizontally alined and independent reaches having inner ends contiguously disposed and including downwardly extending limbs depending from outer portions of said reaches and limbs including lower and side margins respectively and constituting an opening defining

an open span at the lower parts of said limbs, a swigable closure flap for covering said opening and overlapping said margins and having a lower portion intervening said span and secured to the lower part of said gusset, tapes secured to said margins and to said flap and offset relatively thereto, and means securing said panel to said gusset.

"16. In a brief case, a gusset, a panel comprising complementary inverted L shaped elbows defining a rim including upper horizontally alined reaches disconnected from each other having inner ends and including downwardly extending limbs depending from outer portions of said reaches, said reaches and limbs including lower and side margins respectively and constituting an opening defining an open span at the lower ends of said reaches, a swingable closure flap for covering said opening and overlapping said margins and having a lower marginal portion intervening said span and secured to the lower marginal part of said gusset, tapes secured to said margins and to side and upper margins of said flap and offset relatively thereto, and means securing said panel to said gusset.

"17. In a brief case, a gusset, a panel comprising complementary and inverted L shaped elbows defining an inverted U shaped rim including upper horizontally alined and independent reaches having contiguously arranged inner ends disconnected from each other and including downwardly extending limbs depending from outer portions of said reaches, said reaches and limbs including lower and side margins respectively and constituting an opening defining an open span, a swingable closure flap for covering said opening and overlapping said margins and having a lower portion intervening said span and secured to the lower part of said gusset, tapes secured to said margins and to said flap and offset relatively thereto, means securing said panel to said gusset, and expandible and contractible bellows secured to said flap and panel, and a swingable tongue having one end covering said inner ends and secured thereto.

"21. As a new article of manufacture comprising, a blank cut to form a pair of inverted substantially L shaped elbows having horizontally alined reaches spaced apart by an insert and having a limb vertically depending from the outer marginal portion of each of said reaches and concomitantly defining a flap spanning said limbs and disposed below and contiguously to said reaches to provide an appreciable separation between said limbs and having a lower marginal portion projecting beyond said limbs, said elbows and flap being completely separated from said blank to be clear of said insert for bringing together the inner ends of said reaches and in alinement and juxtaposition to constitute with said limbs an opening smaller than said separation, said flap being smaller than said opening and mounted on said elbows to arrange said lower marginal portion to intervene and to be in line with the lower margins of said limbs and to cover said opening and to overlap the lower margins of said reaches and the inner margins of said limbs, a reinforcing flap covering and secured to said juxtapositioned inner ends, and disconnectable fastening means secured to the side and upper margins of said flap and to said inner and lower margins of said elbows."

The references relied upon are: Hagelberg 359,150, Mar. 8, 1887; White 1,367,574, Feb. 8, 1921; Guenther et al. 2,316,328, Apr. 13, 1943; Lifton 2,418,589, Apr. 8, 1947; Hochner, 2,438,780, Mar. 30, 1948.

Appellant's application relates to a compound brief case, which includes a gusset fastened by stitching to a panel comprising complementary elbows which define a rim. The rim includes upper horizontally alined and independent reaches having inner ends in juxtaposition and downwardly extending limbs depending from the outer portions of the reaches. The reaches and limbs include lower and side margins respectively and constitute an opening defining an open span. A swingable closure flap for covering the opening and overlapping the margins is secured to the lower part of the gusset intervening the span. Tapes are secured to the margins and to

the flap and are offset relatively thereto. There is a swingable tongue which covers the juxtapositioned inner ends of the horizontal reaches for reinforcing purposes.

Appellant contends that the appealed claims are directed to an improvement over appellant's earlier structure in Letters Patent No. 2,418,589, supra, wherein the closure flap is integral with the panel and held in the same plane therewith by conventional slide fasteners. In actual practice the fasteners of the patented structure are not only difficult to apply but after attachment they lay substantially parallel to the flap and the panel in the locked position thereby permitting rain to seep into the brief case through the exposed tapes.

To overcome those problems appellant proposes to use one blank of leather for both the panel and the closure flap by cutting the flap to shape so that L shaped juxtapositioned elbows are formed at the same time as the flap and from the same piece of stock. The L shaped elbows are then connected to form an opening smaller than the flap, creating a more economically produced brief case wherein the flap overlap prevents seepage and also permits greater ease in attachment of the slide fasteners.

The patent to White, supra, relates to a traveling bag. A recess or compartment is formed in one side of the bag. A cover which is secured along the lower edge of the body of the bag on a line below the bottom of the recess or compartment is used to cover the recess or compartment. The upper end of the cover is cut out to form flaps which extend over the frame and inside the bag. The flaps have eyelets and slots which engage fasteners secured within the bag.

The patent to Guenther et al., supra, relates to a side pocket for brief cases and the like. The pocket is closed by a flap which is a part of and integral with the front panel of the brief case. Zipper means are utilized to hold the flap co-planar with the side margins of the front panel.

The patent to Lifton, supra, which is appellant's earlier patent, relates to a combined brief and overnight case. The wall of the case has a large opening which is closed by a swingable flap integral with the wall of the case and held in the same plane therewith by conventional slide fasteners.

The patent to Hochner, supra, relates to a cover structure for suitcases, valises and similar carrying bags. The cover of the bag is attached to the frame of the bag by slide fasteners, in such a way that the cover overlaps the edge of the bag frame.

The examiner rejected claims 14 through 17 as presenting no invention over Guenther et al., or Lifton in view of White or Hochner. He rejected claim 21 for the same reason and also, "for indefiniteness, in the sense of being directed to nondescript and improper article of manufacture subject matter, in that it purports to define the article by inclusion of steps in the method of fabricating the article."

This court has uniformly held that a claim for an article must define the article by its structure and not by the process of making it. In re Butler, 37 F.2d 623, 17 C.C.P.A., Patents, 810; In re Moeller, 117 F.2d 565, 28 C.C.P.A., Patents, 932. The one exception to this rule, where the invention is in the article and it is impossible to otherwise define it, is clearly ruled out in the present case because appellant has demonstrated the possibility of proper article claims by including several devoid of process limitations.

Although Hagelberg, supra, is cited as a reference the board stated: "The Examiner refers to Hagelberg in connection with claim 21 but we are not satisfied that Hagelberg is pertinent to the structure defined by claim 21."

The Solicitor for the Patent Office did not mention Hagelberg in his brief or discuss it in the oral argument.

Appellant filed a petition for reconsideration which was considered but was denied with respect to making any change in the board's decision.

Appellant contends that there is no basic reference cited which relies on independent and juxtapositioned elbows. However, the board pointed out that the complementary elbows of claim 14 are connected into one

·piece by the swingable tongue as stated in claim 17 and held that this two-part feature is without invention over apparently integral elbows of either Lifton or Guenther et al.

In the case of In re Davis, 86 F.2d 342, 24 C.C.P.A., Patents, 704, we held that the change of a unitary frame into one of several pieces welded together would not create a patentable distinction.

The flap of both White and Hochner are larger than the opening they cover. We do not think there is invention involved in providing the gusseted front wall panel of either Guenther et al. or Lifton with an overlap for the closure means, in view of either White or Hockner.

The features claimed being old in the art and there being no invention in the appealed claims, it is proper to combine a number of references in rejecting the appealed claims. In re Streckert, 167 F.2d 1010, 35 C.C.P.A., Patents, 1148.

It seems to us that what appellant has claimed in the appealed claims is not the product of the exercise of the inventive faculties but rather that which would be obvious to persons skilled in the art involved.

For the reasons stated the decision of the Board of Appeals is affirmed.

Affirmed.