**680**

Neal J. Mosely (Eric P. Schellin, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

The appealed claims stand rejected by the examiner on two grounds which were affirmed by the board: (1) "double patenting," and (2) obviousness of the appealed claims in view of the prior art reference of record. Our disposition of this appeal requires that we consider only the rejection based on "double patenting."

A statement of the subject matter defined by the appealed claims is set forth in appellant's brief:

> The invention relates to a novel composite polymeric material consisting of wood fibers or cellulose fibers isolated from wood having a guest polymer of an olefinically unsaturated monomer deposited in situ within the host material. The product which is claimed consists of wood fibers or cellulose fibers isolated from wood having a guest polymer deposited in situ within the fibers, as distinguished from prior art compositions in which wood or wood fibers have been used as fillers for molded or cast plastics or in which plastics have been formed within the macroscopic spaces between the wood fibers.

The facts which gave rise to the "double patenting" rejection are not in dispute. On March 4, 1958 appellant filed two patent applications. One application has since resulted in a U. S. Patent.[1] Claims 60, 61, 78 and 80 of this patent are relied on in the "double patenting" rejection. These claims are of the product-by-process type. The other application[2] contains the claims here on appeal. They define a product per se as described above.[3]

The parties agree that the product defined by the appealed claims is the same

1. Serial No. 718,995 entitled "Method of Depositing a Polymer of Olefinically Unsaturated Monomer within a Polymeric Material and the Resulting Product", now U.S. Patent No. 3,083,118, issued March 26, 1963. The patent states:

> This application is a continuation-in-part of my copending applications Serial No. 445,451, filed July 23, 1954, Serial No. 466,218, filed November 1, 1954, and Serial No. 594,124, filed June 27, 1956; all of said applications being now abandoned, and claims certain subject matter disclosed in my copending application, Serial No. 718,996, filed March 4, 1958.

2. Serial No. 718,996 entitled "Chemical Process and Resulting Product." The oath accompanying this application states:
> * * * that this application is a continuation-in-part of my application Serial No. 445,451 filed July 23, 1954, and application Serial No. 594,124 filed June 27, 1956 * * *

3. The solicitor argues that certain language in the appealed claims may be interpreted as a process limitation. We do not find it necessary to decide this issue.

product defined in the product-by-process claims subject to certain "qualifications" as stated by appellant:

> * * * The appealed claims are broader than the product claims of the Bridgeford patent in that no process steps are recited, but are more specific with regard to the host material. * * *

It is clear from the record, and appellant does not argue otherwise, that the process disclosed in the appealed application is the same process disclosed in the issued patent. It is this process which is disclosed as making the product defined by the appealed claims and the patent claims. We thus do not have presented the issue of whether the product defined in appealed claims is a *different* product than that defined by the patent claims because made by a different process.[4]

The examiner's position and reasoning, affirmed by the board, was as follows:

> * * * It is the Examiner's view that there is only one inventive concept in the appealed claims and the article claims 60, 61, 78, and 80 of appellant's patent. Although the article claims of the patent are restricted to the form of "product-by-process" claims and the appealed article claims are not so limited, nevertheless the appealed claims and the patent claims are both for the same invention. * * * Since appellant has obtained article claims of the "product-by-process" type in his patent, it is considered that appellant is not entitled to the appealed article claims without such process limitations, because both the appealed application and the appellant's patent disclose one and the same invention.

* * * * *

Appellant contends * * * that the appealed article claims lie in an effectively different statutory class from the "product-by-process" article claims of the patent but has not cited any authority to support this contention. Appellant's position appears to be wholly inconsistent with the decisions in Ex parte Painter, 1891 C.D. 200 and Ex parte Scheckner 1903 C.D. 315. Product-by-process claims are still product claims.

Appellant's arguments in regard to the "double patenting" rejection are twofold: first, because of the substantial differences in *scope* between the appealed claims and the patent claims (particularly because the appealed claims are product claims without process limitations) there are present two inventions each of which is entitled to a patent; second, because a terminal disclaimer has been filed in this case, the extension of monopoly basis of the "double patenting" rejection has been eliminated.

The solicitor argues in his brief that any terminal disclaimer would be ineffective because the appealed claims are directed to the same subject matter as in the patent claims.

We think the dispositive issue in this appeal is whether the nature of the "double patenting" rejection here is such that the terminal disclaimer remedy provided in section 253 is appropriate.

Our decisions in In re Robeson, 331 F.2d 610, 51 CCPA 1271; and In re Kaye, 332 F.2d 816, 51 CCPA 1465, recognize the principle that where *separate* inventions are involved, a terminal disclaimer is effective to overcome a "double patenting" rejection. In *Robeson* this court pointed out it was not apparent that Congress, in enacting the terminal

---

4. We do not find appellant's arguments that the product defined by the appealed claims and the patent claims *may* be made by other processes not disclosed in the appealed application or the patent, material to the question of whether the patent claims and the appealed claims define the same subject matter.

disclaimer provision of 35 U.S.C. 253, had abandoned the principles found in Miller v. Eagle Mfg. Co., 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121 (1894) and Underwood v. Gerber, 149 U.S. 224, 13 S.Ct. 854, 37 L.Ed. 710 (1893). The court concluded that "[w]here the claims of a second application are substantially the same as those of the first patent, they are barred under 35 U.S.C. § 101." (331 F.2d at 614, 51 CCPA at 1274).

The solicitor here asserts that the appealed claims are drawn to cover the *same* invention as that defined in the patent claims. He reasons therefore that the bar under 35 U.S.C. § 101, referred to in *Robeson*, is present here.

A product-by-process type claim defining an article of manufacture was permitted at least as early as 1891 in Ex parte Painter, 1891 C.D. 200, 57 O.G. 999 where Commissioner Simonds stated:

> It requires no argument to establish the proposition that *as a rule* a claim for an article of manufacture should not be defined by the process of producing that article. On the other hand, when a man has made an invention his right to a patent for it, or his right to a claim properly defining it, is not to be determined by the limitations of the English language. When the case arises that an article of manufacture is a new thing, a useful thing, and embodies invention, and that article cannot be properly defined

and discriminated from the prior art otherwise than by reference to the process of producing it, a case is presented which constitutes a proper exception to the rule.

On the basis of the reasoning in *Painter*, claims of the product-by-process type defining a chemical compound were allowed in Ex parte Fesenmeier, 1922 C.D. 18, 302 O.G. 199.

The rationale stated in the above decisions which permit the product-by-process type claim in ex parte prosecution before the Patent Office is clear: the right to a patent on an invention is not to be denied because of the limitations of the English language, and, in a proper case, a product may be defined by the process of making it. However, the invention so defined is a *product* and not a *process*.[5] To this we would add that, similarly, the limitations of known technology concerning the subject matter sought to be patented should not arbitrarily defeat the right to a patent on an invention. Whether the invention be defined in terms of the structure of the compound, or its novel physical characteristics, or by defining it in terms of the process by which it is produced or in a proper case, by employing more than one of these methods of defining the invention, the right to a patent on the invention is the ultimate consideration, subject to the conditions set forth in 35 U.S.C. § 112. "In a proper case" does not mean that an applicant

---

5. The Board of Appeals has recognized, and we think that patent attorneys are aware, that the practice of allowing product-by-process claims in a proper case "has long been permitted." Cf. Ex parte Robinson, 102 USPQ 219 (Bd.App.); Ex parte Church, 102 USPQ 363 (Bd.App.). However, where the structural formula of the chemical compound was known, product-by-process claims have been refused by the board. Ex parte Hurd, 72 USPQ 383 (Bd.App.). See also Ex parte Fahrni, 117 USPQ 199 (Bd.App.). Accord, In re Lifton, 189 F.2d 261, 38 CCPA 1119.

The policy of the Patent Office in permitting product-by-process type claims to define a patentable product, where necessary, has developed with full cognizance of the fact that in infringement suits some courts have construed such claims as covering only a *product made by the particular process* set forth in the claim and not to the product per se. See Ex parte Fesenmeier, supra, and cases cited therein. See generally, Saxe & Levitt, *Product-by-Process Claims and Their Current Status in Chemical Patent Office Practice*, 42 J.P.O.S. 528 (1960).

must prove the impossibility of defining the invention other than by using more than one of the above methods.

The fact here is that the invention defined by the product-by-process claim of the issued patent is the same invention defined as a *product* in the appealed claims.[6]

In In re Siu, 222 F.2d 267, 42 CCPA 864, this court quoted with approval the statement of the board that:

> * * * The evils of double patenting where the two patents do not issue on the same date include that of extension of monopoly but this is not the only objection to double patenting. The pertinent statutes do not, in our opinion, warrant the allowance of more than one patent for a single invention independently of the question of extension of monopoly. * * *

We find this statement applicable here. Since a terminal disclaimer, at best, meets only the extension of monopoly objection to double patenting, it cannot overcome a double patenting rejection based on the underlying statutory concept that there shall be but one patent for one invention.

Since the appealed product type claim and the product-by-process type patent claims define the same patentable subject matter, differing only in scope, they may not be allowed in separate applications. 35 U.S.C. § 101. See In re Robeson, supra.

The decision of the board is affirmed.

Affirmed.

---

6. Appellant argues that a product-by-process type claim and a *process* claim define the same invention and concludes in his brief:
   * * * The law is well established that product-by-process claims are not distinct from claims covering the process. In re Freeman, 166 F.2d 178, 35 C.C.P.A. 920.

While there is some language in *Freeman* to support the contention that a product-by-process type claim differs only "in scope" from a process type claim and they therefore "are directed to a single invention," (166 F.2d at 181) so far as this is inconsistent with our holding here it must be overruled.