**GENERAL FOODS CORPORATION,**
Plaintiff-Appellee,

v.

**CARNATION COMPANY, Defendant-Appellant.**

No. 17263.

United States Court of Appeals
Seventh Circuit.

June 11, 1969.

---

Richard R. Trexler, Richard Bushnell, Chicago, Ill., Donald E. Nist, Los Angeles, Cal., for defendant-appellant.

Arthur G. Connolly, Richard E. Cornwell, Wilmington, Del., Edward R. Adams, Sidney S. Gorham, Jr., Phillip B. Bowman, Chicago, Ill., Michael J. Quillinan, White Plains, N. Y., Miller, Gorham, Wescott & Adams, Chicago, Ill., for plaintiff-appellee, James M. Mulligan, Jr., Connolly, Bove & Lodge, Wilmington, Del., of counsel.

Before MAJOR, Senior Circuit Judge, and SWYGERT and KERNER, Circuit Judges.

MAJOR, Senior Circuit Judge.

On April 2, 1968, General Foods Corporation filed in the Northern District of Illinois its complaint charging Carnation Company with infringement of United States Patent No. 3,119,691, which described and claimed plaintiff's animal food marketed under the name, "Gravy Train."

On June 7, 1968, Carnation filed in the Central District of California an action for declaratory judgment, invoking the identical parties and issues as those in the instant case. On June 12, 1968, Carnation filed in the instant action a motion to dismiss for lack of venue under 28 U.S.C.A. Sec. 1400(b), and/or to transfer the cause to the California District Court under either 28 U.S.C.A. Sec. 1404(a) or Sec. 1406(a). On June 28, 1968, General Foods moved to enjoin Carnation from proceeding with the de-

claratory judgment action filed in California.

On September 23, 1968, the District Court denied Carnation's motion to dismiss for improper venue and to transfer, and granted General Foods' motion to enjoin Carnation from proceeding with its California action. From this judgment Carnation appeals.

In the present posture of the case, the facts as alleged in the pleadings, together with certain supporting documents and affidavits, are not in dispute. Briefly, both General Foods and Carnation are corporations of the State of Delaware, the former with its principal offices in White Plains, New York, and the latter with its principal offices in Los Angeles, California. The patent pertains to the production of a dry, farinaceous dog food which General Foods alleges is embodied in its product sold under the trademark, "Gravy Train." Carnation's product alleged to infringe is sold under the trademark, "Friskies Sauce Cubes." The first eleven claims of the patent are limited to "the method of preparing a particular dry animal food." Claims 12 and 13 [1], the only other claims in the patent, describe the product. Claim 12 concludes with the statement, "said product being produced in accordance with the method of claim 1." Carnation has never carried out the accused method of making its cubes within the Northern District of Illinois. They were developed in its plant and laboratory at Van Nuys, California, and were thereafter commercially produced only at plants in Oakland, California, and Jefferson, Wisconsin. Carnation maintains a branch sales office in the Northern District, from which it has sold its "Friskies Sauce Cubes" alleged to infringe claim 12.

This skeleton statement of the facts is sufficient to bring into focus the questions of law here argued insofar as they pertain to the issue of venue. (Other issues will be subsequently discussed.)

Carnation contends that product claim 12, because it refers to claim 1 as the method by which the product is produced, can only be infringed at the place where the method is performed, that is, either Oakland, California, or Jefferson, Wisconsin. It further contends that even though venue was properly laid as to claim 12, the court erred in retaining jurisdiction of charges of infringement of the method claims unless venue requirements were satisfied for each such claim.

■ It is no longer open to question but that venue in patent infringement actions is governed exclusively by 28 U.S.C.A. Sec. 1400(b). Fourco Glass Co. v. Transmirra Products Corp. et al., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786. That section so far as pertinent provides:

"(b) Any civil action for patent infringement may be brought in the judicial district * * * where the defendant has committed acts of infringement and has a regular and established place of business."

Thus, the sole question determinative of venue is whether Carnation's admitted sales of the accused product in the Northern District of Illinois were "acts of infringement" in that District.

■ Strange as it may seem, no case is cited and we find none squarely in point. As we understand Carnation's argument, it rests on the theory that product claim 12 lost its status as such by its reference to claim 1 as a method by which its product was produced. We think this is a dubious argument. It appears to be common practice in a patent claim to incorporate other claims by reference.[2] We think it would have been proper if claim 12, in describing its product, had incorporated therein claim 1, showing the method by which it was produced. Its reference to claim 1 for that purpose did not alter its status as a

---

1. Claim 13 has been held invalid in General Foods Corp. v. Perk Foods Co., 283 F. Supp. 100, D.C., and is not here involved.

2. For instance, in the patent in suit method claim 8 refers to claim 7; method claim 9 refers to claim 8; method claim 10 refers to claim 9.

product claim. This court in National Carbon Co., Inc. v. Western Shade Cloth Co., 93 F.2d 94, made the pertinent observation (page 96):

"A manufactured article may be claimed as a new product, but this claim of the product must set forth its essential characteristics and qualities or define it as the product resulting from a described process and, if the character of the product depends upon the manner in which it has been produced, ordinarily, it should be claimed only as the thing produced by the specific process."

A type of claim such as 12 has long been recognized and granted by the Patent Office as "a product-by-process" claim. The Court of Customs and Patent Appeals has had occasion to consider this type of claim.

In In Application of Douglas J. Bridgeford, 357 F.2d 679, 53 CCPA 1182, pertinent to the point, the court stated (page 682):

"The rationale stated in the above decisions which permit the product-by-process type claim in ex parte prosecution before the Patent Office is clear: the right to a patent on an invention is not to be denied because of the limitations of the English language, and, in a proper case, a product may be defined by the process of making it. However, the invention so defined is a *product* and not a *process*."

The same court in In Application of Arthur Sinclair Taylor, 360 F.2d 232, 53 CCPA 1187, reaffirmed the principle announced in Bridgeford in the following language (page 234):

"In In re Bridgeford, 357 F.2d 679, 53 CCPA 1182—a 'product-by-process' claim was held to define a product. We there agreed with the reasoning of the Board of Appeals that the invention defined by such a claim is a *product* and not a process."

Carnation cites numerous cases in support of its theory that hybrid product-method claim 12 cannot be infringed in this judicial District because the meth-od in claim 1 is not practiced in the District. The two cases most relied upon are Downes v. Teter-Heany Development Co., 150 F. 122, 80 C.C.A. 76, and American Graphophone Co. v. Gimbel Bros., D.C., 234 F. 361. Carnation on brief quotes from the latter case (page 369):

"A case directly in point is Downes v. Teter-Heany Development Co., 150 Fed. 122, 80 C.C.A. 76, decided by the Circuit Court of Appeals for the Third Circuit, in which it was distinctly held that where a patent includes claims for a process and also for the product of such process, the latter are to be construed in connection with, and are limited in scope by, the former, and are not infringed unless the process claims are also infringed."

■ If this is a correct statement of law, which we assume, it is not discernible how it bears any relation to the issue of venue. It merely stands for the proposition that proof of infringement of the product claim will require proof that it was made in accordance with the method claim. In our view, it does not follow, as Carnation argues, that because the method by which the product was produced was practiced in another jurisdiction that the jurisdiction in which it was sold is lacking in venue.

■ This brings us to Carnation's contention that even though venue was properly laid as to claim 12, the court erred in retaining jurisdiction of method claims 1 through 11, as no proper venue was laid as to those claims. Again, no case has been called to our attention which has decided this precise question. Carnation, citing cases for the proposition that each claim in a patent is a separate grant and must be separately considered both as to validity and infringement, reasons that it follows that venue must also be determined separately with respect to each claim. It argues that such a result is required by the express provisions of Sec. 1400(b). It is true, as previously noted, that an action for patent infringement may be brought

in the District where "the defendant has committed acts of infringement." "Acts of infringement" refers to the patent on which the action is brought but makes no requirement as to "acts of infringement" on each of the patent claims.

This distinction was recognized in Lyon v. General Motors Corp., 200 F.Supp. 89, relied upon by Carnation. In that case the action was brought in the Northern District of Illinois upon eight patents, alleging infringement. One of the patents was limited entirely to method claims, and it was shown on motion to dismiss that the patent with the method claims had not been infringed in the District. The court held that under 28 U.S.C.A. Sec. 1400(b), venue was improperly laid as to the patent with its method claims, and stated (page 90):

"The sale of the product of the infringing process or method would not constitute an infringement of the method patent within this district. [Citing cases.]"

■ In contrast, the action here is on a single patent with a product and process claims, all relating to the same subject matter and all stemming from the same specification required by 35 U.S.C.A. Sec. 112. To hold as Carnation would have us do would create an intolerable situation. It would mean that an action for patent infringement in a situation such as we have here would be tried piecemeal, some claims in one jurisdiction and others in another. Confusion would be engendered and a multiplicity of suits invited.

We hold that venue was properly laid as to claim 12, and that the court thereby acquired jurisdiction of all the claims relied upon by General Foods. See Hurn et al. v. Oursler et al., 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148, and Kalo Inoculant Co. v. Funk Bros. Seed Co., 161 F.2d 981, 991 (CA-7).

■ Carnation contends that the court erred in denying its motion to transfer the case to the Central District of California under 28 U.S.C.A. Sec. 1404 (a) or Sec. 1406(a). The latter section provides for the transfer of a case where venue has been laid in the wrong jurisdiction. In view of our holding that venue was properly laid in the Northern District of Illinois, that section is without application.

Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In support of its motion to transfer, on the ground that it would be for the convenience of parties and witnesses and in the interest of justice, Carnation presented an affidavit of its Senior Vice President designating a number of persons residing in the California area, including several of its employees, who would or might be called as witnesses in a trial of the case. The affidavit asserted that the company would be greatly inconvenienced and its business hampered and interrupted to a much greater extent if such witnesses were called to appear at a trial in Chicago rather than in Los Angeles.

General Foods submitted a counter-affidavit of its Research and Product Development Manager which named a number of witnesses expected to be called at the trial and who resided in the Chicago area. Included in the list were several witnesses residing at Battle Creek, Michigan, approximately 100 miles from Chicago, and witnesses residing at Kankakee, Illinois, 40 miles from Chicago, where its product, alleged to be infringed, is manufactured. The counter-affidavit also asserted that Benjamin R. Harris, its principal expert witness in General Foods Corp. v. Perk Foods Co., 283 F.Supp. 100, who would be a witness in the instant case, resided in Chicago.

In view of our limited scope of review, this sketchy outline of the facts as they pertain to this issue, as well as the citation of a few of the many cases called to our attention, will suffice. In B. Heller

& Co. v. Perry, 201 F.2d 525, 527, this court stated:

> "The statute confers upon the District Court a wide discretion; unless we can say that discretion was abused, we may not interfere. [Citing cases.] * * *
>
> "* * * As the court said in Nicol v. Koscinski, U.S. District Judge, 6 Cir., 188 F.2d 537, 538]: 'Determination as to the greater convenience or inconvenience must rest within the sound judicial discretion of the district judge to whom the petition for change of venue is addressed * * *.'"

In Chemetron Corp. v. Perry, 295 F.2d 703, 704, 7 Cir., we stated:

> "Here is a clear recognition of the well-established principle that we are not privileged to substitute our judgment for that of the district court upon the propriety of the transfer of a case. If relief is to be granted to petitioner it must appear from the record that respondent has been guilty of a clear abuse of discretion in ordering the transfer."

To the same effect see decisions of this court in Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299, 304, 7 Cir., and Dairy Industries Supply Ass'n v. La Buy, 207 F.2d 554, 557–558, 7 Cir.

In view of these controlling authorities, we cannot hold that the court abused its broad discretion in denying Carnation's motion to transfer the case to the California jurisdiction.

Carnation's contention that the court erred in enjoining it from proceeding with its declaratory judgment action in the California jurisdiction requires little consideration. It appears that its contention is based on the premise that the court erred in finding venue properly laid as to claim 12, and in retaining jurisdiction of that claim as well as the method claims 1 through 11. Carnation on brief states, "If either of these decisions is wrong, the granting of the injunction is wrong."

We have sustained the court on both of these points, which on Carnation's theory would appear to dispose of the injunction matter. In any event, our scope of review, as on the transfer issue, is limited to the question as to whether the trial court abused its discretion. See decisions of this court in Minnesota Mining and Manufacturing Co. v. Polychrome Corp. et al., 267 F.2d 772, 775, 7 Cir.; Martin v. Greybar Electric Co., 266 F.2d 202, 204, 7 Cir.; Milwaukee Gas Specialty Co. v. Mercoid Corp., 104 F.2d 589, 592, 7 Cir.

We hold there was no abuse of discretion in the court's granting of the injunction.

The judgment appealed from is

Affirmed.