**EVER-WEAR, INC., Plaintiff-Appellant,**

v.

**WIEBOLDT STORES, INC., and Plybent, Inc., Defendants-Appellees.**

**No. 18019.**

United States Court of Appeals, Seventh Circuit.

June 9, 1970.

James P. Ryther, McDougall, Hersh & Scott, Chicago, Ill., for plaintiff-appellant.

Malcolm McCaleb, William E. Lucas, Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

CASTLE, Senior Circuit Judge.

The plaintiff-appellant, Ever-Wear, Inc., owner of Parsell and Brickman U.S. Patent No. 3,171,700 relating to a portable bar cabinet, brought suit in the District Court charging direct and contributory infringement of the patent. Defendant-appellee, Wieboldt Stores, Inc., is a retailer and is charged with direct infringement because of its sales of the accused devices. Defendant-appellee, Plybent, Inc., is a manufacturer. It is charged with direct infringement in the manufacture of certain accused devices, and with contributory infringement because of its manufacture and sale of assemblies completed by others,

some of which when completed were sold to Wieboldt Stores, Inc.

The District Court after trial of the issues filed a memorandum opinion which contains its findings of fact and conclusions of law. The court found and concluded that the patent in suit is invalid because of anticipation by the prior art, and because its subject matter would have been obvious at the time of the invention to a person having ordinary skill in the art.[1] Judgment was entered, accordingly, and Ever-Wear, Inc. appealed.

The patent in suit concerns a luggage type portable bar cabinet for carrying liquor bottles, glasses, and bar implements. The structure described and claimed in the patent is formed of two sections which are hinged together to permit opening and closing of the case. Each of the sections is formed of two distinct shells having approximately coextensive transverse dimensions. An outer shell forms the exterior of each section. An inner shell is nested within the outer shell to form the interior of each section. The inner shells are provided with recessed pockets or compartments for the reception of bottles of liquor and bar accessories. The inner and outer shells making up each of the two sections are secured or clamped together at their peripheral edges by a channel-shaped member or valance, the sidewalls of which extend over the edges of the shells and have a sharp projecting edge or tooth for digging into one of the shells. The channel-shaped member on one of the two sections is provided with a groove, the member on the other section with a tongue, which mate to align the two sections when the case is closed. The hardware attached to the case consists of hinge means, latching means, feet upon which the case stands, straps for securing the bottles and the accessories in place, and a handle. The space between the interior surfaces of the outer and inner shells is completely open. This inner and outer shell arrangement permits attaching of the hardware in a manner so that fastener or rivet ends may be disposed between the inner and outer shells where they are hidden and thus do not detract from the appearance of the case.

The patent consists of two claims. They differ only in that Claim 2 does not specifically recite the sharp projecting edge or the tongue and groove features of the channel-shaped members but utilizes broader "means" language to describe elements performing their functions.

■ In arriving at its determination that the combination of the patent in suit is invalid for failure to meet the standards of the nonobviousness test prescribed by Sec. 103 of the Patent Act (35 U.S.C. § 103) the District Court stated:

"Upon review of the prior art in this case and its comparison with the claims in issue, I find that the differences in the prior art and the claims of the patent in issue are nonexistent or insignificant. The evidence clearly established that the subject matter as a whole would have been obvious to a person having ordinary skill in the art. This was clear from the testimony of the witnesses, including plaintiff's expert. As stated by the United States Supreme Court in Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Corporation, 340 U.S. 147 [71 S.Ct. 127, 95 L.Ed. 162] (1950): 'this Patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly.' "

Our examination of the record convinces us that the findings made by the District Court are fully supported by the evidence, and that the court's ultimate conclusion that the patent is invalid for obviousness represents the application of correct legal criteria.

---

1. The District Court did not formally pass on the issue of infringement but it did observe that "if the patent were valid and enforceable there is no question but that the accused devices infringed that patent".

In this connection, both the documentary prior art and the testimony of the witnesses, including that of Ever-Wear's expert witness, confirm that all of the elements of the patent claims are old. Moreover, a review of the file wrapper history reveals that the combination defined by the claims was rejected as unpatentable over prior art before the Patent Office,[2] including Fucci U.S. Patent No. 2,679,244, until limitations were included specifying outer shell members with "single" inner shell members, and "completely open" space between the interior surfaces of the inner and outer shells, to distinguish the claims from Fucci and other prior art. The Fucci patent discloses a structure designed as a luggage type case adapted for carrying nursing bottles and baby foods and for keeping such contents warm. It teaches inner and outer nested shells held together by an extension of the inner shell bent to form a channel to enclose and secure the edge of the outer shell, and it discloses the recessing of inner shells to form compartments to receive bottles. In Fucci the space between the interior surfaces of the outer shells and the inner shells next to them is filled with insulation. An additional inner shell or plate in one of the two hinged sections forming the case is utilized to form a receptacle or space between it and the other inner shell to hold hot water.

The structure of the claims in suit combines into one the two inner shells in the one section of the *Fucci* case and eliminates the insulation from the space between the inner and outer shells of each section. These changes, which result from the limitations added to overcome the earlier rejection of claims, apparently served to distinguish the claims from Fucci in the eyes of the Patent Examiner. In our judgment, on the basis of the record before us, these differences, characterized by the District Court as insignificant, also serve to demonstrate that it would have been obvious to anyone having ordinary skill in the art to so convert Fucci to serve as a luggage case for the carrying of bottles of liquor and bar accessories. It was certainly obvious that recesses forming compartments to hold nursing bottles could be utilized to hold liquor bottles. And it was equally obvious to eliminate the additional inner shell utilized in forming a receptacle for hot water, and to eliminate the insulation. They were no longer needed. The step from Fucci to the patent in suit was one of minor modification to suit a particularized purpose. The elements of the combination, or their equivalents, remained basically unchanged, and no new or more useful consequence emerged—only adaptation of prior art structure to slightly different use. And, given the subject matter of the different use, the modification was obvious. It involved only the elimination of the additional inner shell and insulation of Fucci, the reshaping of the recessed compartments to accommodate the bar implements as well as the bottles, and the attachment of the conventional straps to retain the contents in place.

■■ We are mindful of the statutory presumption of validity attaching to the issuance of a patent, and that such presumption is not to be overthrown except by clear and cogent evidence. Copease Manufacturing Co., Inc. v. American Photocopy Equipment Co., 7 Cir., 298 F.2d 772, 777. And we are

2. Prior art before the Patent Office consisted of Fucci U. S. Patent No. 2,679,244; King U. S. Patent No. 3,016,129; Arlitt U. S. Patent No. 2,820,844; Shwayder U. S. Patent No. 2,758,682; Prew U. S. Patent No. 2,620,084; Stember U. S. Patent No. 2,463,917 and Palumbo U. S. Patent No. 1,914,154. Our analysis of additional prior art also relied upon by appellees, principally Stein U. S. Patent No. 2,200,972; Axtell U. S. Patent No. 2,832,448; and the *Escort* case, reveals that it is merely cumulative. Escort discloses a molded plastic inner shell nested in one side of the case and recessed to receive the feet of a dictating machine to hold the machine in position when it is being carried in the case.

equally cognizant that the issue of obviousness is not to be resolved on the basis of hindsight. Walt Disney Productions v. Fred A. Niles Communications Center, Inc., 7 Cir., 369 F.2d 230, 234–235. But in the instant case we find in the record clear and cogent evidence which supports the District Court's findings and its conclusion relating to the issue of the patent's invalidity because of obviousness, and the compelling nature of that support negates that hindsight played any part in the court's determinations.

The patent in suit was issued prior to the Supreme Court's decision in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) concerning the interpretation and application of 35 U.S.C. § 103. We think it appropriate to here note the observations made in *Graham* (383 U.S. at 18–19, 86 S.Ct. at 694) that:

> "* * * We have observed a notorious difference between the standards applied by the Patent Office and by the courts. While many reasons can be adduced to explain the discrepancy, one may well be the free rein often exercised by Examiners in their use of the concept of 'invention.' * *
>
> Although we conclude here that the inquiry which the Patent Office and the courts must make as to patentability must be beamed with greater intensity on the requirements of § 103, it bears repeating that we find no change in the general strictness with which the overall test is to be applied. We have been urged to find in § 103 a relaxed standard, supposedly a congressional reaction to the 'increased standard' applied by this Court in its decisions over the last 20 or 30 years. The standard has remained invariable in this Court. * * * He who seeks to build a better mousetrap today has a long path to tread before reaching the Patent Office."

We perceive no error in the ultimate conclusion of the District Court insofar as it rests on the standards imposed by § 103. In view of this we deem it unnecessary to discuss other issues ten-

dered by the contentions of the appellant, except to observe that there can be no infringement of an invalid patent. Novo Industrial Corporation v. Standard Screw Company, 7 Cir., 374 F.2d 824, 828; Toro Manufacturing Corporation v. Jacobsen Manufacturing Company, 7 Cir., 357 F.2d 901, 904; Simmons Co. v. Hill-Rom Company, 7 Cir., 352 F.2d 886; Enterprise Railway Equipment Co. v. Keystone Railway Equipment Co., 7 Cir., 267 F.2d 102.

The judgment order of the District Court is therefore affirmed.

Affirmed.