POPEIL BROTHERS, INC.,
Plaintiff-Appellant,

v.

SCHICK ELECTRIC, INC., et al.,
Defendants-Appellees.

Nos. 73–1050 to 73–1053.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 28, 1973.

Decided March 21, 1974.

Dugald S. McDougall, Melvin M. Goldenberg, George B. Christensen, Chicago, Ill., for plaintiff-appellant.

George R. Clark, Neil M. Rose, Walther E. Wyss, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for Sunbeam Corp. and Northern Electric Co.

Gerald Levy, Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City, John D. Dewey, Lockwood, Dewey, Zickert & Alex, Chicago, Ill., for Schick Electric, Inc. and Schick Service, Inc.

Edward W. Osann, Jr., James B. Muskal, Wolfe, Hubbard, Leydig, Voit & Osann, Ltd., Chicago, Ill., Charles R. Miranda, Bridgeport, Conn., for Sperry Rand Corp.

Arlie O. Boswell, Jr., Hibben, Noyes & Bicknell, Chicago, Ill., for Aldens, Inc.

Before CLARK, Associate Justice,* GRANT, Senior District Judge,** and NOLAND, District Judge.***

NOLAND, District Judge.

Popeil Brothers, Inc., the owner of U. S. Patent No. 3,565,083, brought suit in the District Court seeking injunctive relief and damages charging each of the defendants with infringement of and inducement to infringe the patent in suit.[1] The defendants denied the infringement allegations and asserted that the patent in suit was invalid.

Following a trial before the court without a jury, the District Court entered findings of fact and conclusions of law and dismissed the complaints, holding that the patent in suit was invalid as anticipated by prior art and for obviousness, that the plaintiff misused the patent, and that the defendants neither infringed it nor induced its infringement. The plaintiff appealed.

The issues presented by the plaintiff's contentions on appeal are:

(1) Whether the District Court erred in finding and concluding that the Popeil patent was anticipated by prior Japanese publications, the Churchill U.S. Patent No. 1,809,510 and the Churchill Canadian Patent No. 295,443.

(2) Whether the court erred in finding and concluding that the Popeil patent was obvious under Section 103 of the Patent Act.

(3) Whether the court erred in finding and concluding that the defendants neither infringed nor induced infringement of the Popeil patent.

(4) Whether the court erred in finding that plaintiff misused the patent in suit.

* Associate Justice Tom C. Clark of the Supreme Court of the United States (Retired) is sitting by designation.

** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

*** District Judge James E. Noland of the Southern District of Indiana is sitting by designation.

1. Plaintiff sued each of the defendants herein separately in Civil Actions Nos. 70–C–295, 71–C–591, 71–C–979 and 71–C–352. Inasmuch as each action involved the same issues of validity, infringement and enforceability of the patent in suit, they were consolidated for trial.

The cause was heard on the pleadings, stipulations, answers to requests for admission, testimony of witnesses, including expert witnesses, depositions and exhibits on the basis of which the court made fifty-nine detailed findings as to the factual issues presented. In accordance with Rule 52(a) of the Federal Rules of Civil Procedure (28 U.S.C.A.) the trial court's findings of fact may not be set aside unless clearly erroneous. The scope of our review of such findings is therefore limited to a determination of whether they are clearly erroneous. Wahl v. Carrier Manufacturing Co., 452 F.2d 96, 99 (7th Cir. 1971); Reese v. Elkhart Welding and Boiler Works, Inc., 447 F.2d 517, 520 (7th Cir. 1971); George R. Churchill Company v. American Buff Co., 365 F. 2d 129, 130 (7th Cir. 1966); Wahl v. Carrier Manufacturing Co., 358 F.2d 1, 3 (7th Cir. 1966).

"If they find support in the evidence, albeit they involve resolution of conflicting testimony, we are bound thereby and there remains but the question of whether or not the court applied the correct legal criteria in reaching the ultimate conclusion it did. Absent a definite or firm conviction that a mistake has been made we must affirm." Minnesota Mining and Manufacturing v. Permacel-LePage's, Inc., 334 F.2d 820, 822 (7th Cir. 1964). See Briggs v. M. & J. Diesel Locomotive Filter Corp., 342 F.2d 573, 574 (7th Cir. 1965).

The Popeil patent is directed to a method of setting hair by wrapping it around a hair curler previously moistened and heated by immersing it in an atmosphere of steam. The sole claim of the patent in suit relevant to this action is claim 1, which states:

"1. In the method of curling hair by using a cylindrical curler in which the hair is wound tightly on the curler and fixed in such tightly wound engagement until the hair is curled, the improved steps of

preheating the cylindrical curler in a steam chamber out of contact with any boiling water therein,

removing the heated curler from the steam chamber after its exterior has attained its maximum effective moisture content of retained distilled water, and

promptly wrapping a strand of hair about the curler in tight engagement thereby entrapping the distilled water retained on the curler, whereby

the moisture transfer at the elevated temperature is from the inside of the tightly wound curl towards the outside atmosphere thereby exposing the hair of the curl to the heat and moisture effect of the entrapped distilled water at the elevated temperature."

While the plaintiff also holds a U.S. patent on a hair curling device designed for use with the patented method, only the method patent is at issue in the instant case. The defendants are manufacturers or distributors of hair curling devices which employ steam to heat and moisten curlers preparatory to placing them in the users' hair.

Plaintiff's primary contentions on appeal take issue with the District Court's findings as to the invalidity of its patent. The Trial Judge determined that the method claimed by the patent in suit was anticipated by prior art. The defense of anticipation arises from 35 U.S.C. § 102(a). In essence Section 102(a) requires that a method or device, in order to be patentable, be novel. Under the statute such novelty is lacking where a purported invention has been anticipated by a foreign or domestic patent or printed publication or domestic knowledge or use prior to the inventor's date of invention. A previous patent, printed publication or domestic product anticipates a purported invention only where, except for insubstantial differences, it contains all of the same elements operating in the same fashion to perform an identical function. Shel-

co, Inc. v. Dow Chemical Company, 466 F.2d 613, 614–15 (7th Cir. 1972); Dole Valve Company v. Perfection Bar Equipment, Inc., 419 F.2d 968, 971 (7th Cir. 1969); Amphenol Corporation v. General Time Corporation, 397 F.2d 431, 438 (7th Cir. 1968).

With respect to the issue of anticipation, Judge Bauer made ten findings of fact which are challenged by the plaintiff. The Court found that the advantages recited in the patent in suit to distinguish the claimed method over cited prior art are without factual foundation, (Finding 43) and that in fact the difference between the method claim of the patent in suit and the prior art admitted by the plaintiff resides solely in heating the curlers in an atmosphere of steam instead of boiling water. (Finding 37)

Plaintiff attempts to refute Findings 43 and 37 through its claim that the use of steam rather than boiling water to heat hair curlers has the advantage of moistening the user's hair with mineral-free distilled water. However, the inventor of the contested method, Samuel J. Popeil, admitted that no tests had been made to determine the truth of this assertion and that it was in fact merely assumed. Additionally, as stated in the District Court's unchallenged Finding 27, only $\frac{1}{10,000}$th to $\frac{1}{1000}$th of a gram of moisture per curler is necessary to make a good curl. There is no evidence that the mineral content of such minute amounts of moisture would significantly affect the user's hair. The purported advantage is a distinction without a difference. The issue of anticipation by prior art is not determined by insubstantial distinctions between a purported invention and prior art. A purported invention is anticipated by prior art "if the general aspects are the same and the difference in minor matters is only such as would suggest itself to one of ordinary skill in the art." Amphenol Corporation v. General Time Corporation, *supra;* Deep Welding, Inc.

v. Sciaky Bros., Inc., 417 F.2d 1227, 1234 (7th Cir. 1969).

From the District Court's finding that the sole difference between admitted prior art and the method claim of the Popeil patent lies in heating curlers in steam rather than boiling water, it is clear that any prior art teaching of heating curlers in an atmosphere of steam as disclosed by the Popeil method claim would invalidate the patent in suit. On this point the Court found that the Patent Office, in allowing the Popeil patent, apparently did not consider certain prior art, the U.S. Churchill patent, the Canadian Churchill patent and the National hair curler instruction book and advertising pamphlet (the Japanese documents), which are each more pertinent to the subject matter claimed in the patent in suit than the prior art cited by or to the Patent Office during the prosecution of the patent. (Finding 26) The Court found that the Churchill patents not only disclose the concept of heating curling irons with steam, but in fact teach every step of the method claim of the Popeil method patent. (Findings 40, 41 and 46) Additionally the Court found that the Japanese documents were distributed to numerous members of the Japanese public prior to the date of invention of the Popeil method patent and that they disclose the method steps of the patent in suit. (Findings 39 and 45)

In response to these findings, plaintiff asserts that the Churchill patents and the Japanese documents are not prior art more pertinent to the subject matter claimed in the patent in suit than the prior art cited by or to the Patent Office during the prosecution of the patent in suit. Plaintiff asserts that the Churchill patents merely exemplify the prior art teaching that lever type curling irons may be heated in boiling water. On the contrary, however, claim 1 of the Churchill Canadian patent specifically refers to heating curling irons in

steam.[2] It is also argued that the Churchill patents do not disclose heating curlers composed of a moisture retaining substance as opposed to iron or steel. However, both the demonstration of metal curling irons and the testimony of defendants' witness Fishleigh indicated that such curling irons have moisture retaining characteristics. Further, contrary to plaintiff's contentions, the Churchill patents, as demonstrated during the trial by model and by the defendants' method comparison table (DX 149), teach each and every step of the method claim of the patent in suit.

The National curler to which the Japanese documents relate is a steam heated hair curling apparatus previously manufactured and distributed in Japan by Matsushita. The several depositions of Matsushita employees and the related exhibits indicate that in the course of a promotion campaign over five hundred of the hair curler instruction books and thousands of the advertising pamphlets were distributed to the public in Japan, including independent distributors, dealers, retailers, ultimate purchasers and others prior to the April 19, 1966 date of invention to which the District Court determined that plaintiff is entitled.

■■ It is plaintiff's contention that neither of the Japanese documents was a publication within the meaning of that term in Section 102(a) and hence neither could anticipate the patent in suit. Plaintiff contends that to be a printed publication a document must be deposited in a public library or widely circulated in a fashion which makes it freely accessible to the class of persons concerned with the art to which the document pertains. Plaintiff takes too narrow a view of the term "printed publication." To constitute a printed publication for purposes of the publication bar, all that is required is that the document in question be printed and so disseminated as to provide wide public access to it. Pickering v. Holman, 459 F.2d 403, 407 (9th Cir. 1972); Deep Welding, Inc. v. Sckiaky Bros., Inc., *supra* at 1235 of 417 F.2d; Jockmus v. Leviton, 28 F.2d 812, 813 (2nd Cir. 1928). The key factor is not access by a specific segment of the public, or number of persons, or even by any specific means, but simply distribution to any segment of the public. Pickering v. Holman, *supra*, at 407 of 459 F.2d; 1 Deller's Walker on Patents, 273 § 60 (2nd ed. 1964). For this reason catalogues and commercial flyers have been held to be printed publications. Jockmus v. Leviton, *supra*; Imperial Glass Company v. A. H. Heisey & Co., 294 F. 267, 268 (6th Cir. 1923); Jacuzzi Bros. v. Berkeley Pump Co., 90 F.Supp. 238, 243 (N.D.Cal.1950) (Dictum); Jno. T. McCoy, Inc. v. Schuster, 44 F.Supp. 499, 500 (S.D.N.Y.1942); Tampax, Inc. v. Personal Products Corporation, 38 F. Supp. 663, 671 (E.D.N.Y.1941). The Japanese documents, due to their wide distribution to interested members of the public, including members of the trade, must equally be held to constitute printed publications.

Plaintiff argues further that the Japanese documents, whether or not they constitute printed publications, do not disclose each of the method steps of the patent in suit. On the contrary however, plaintiff has admitted the accuracy of the translations of the Japanese publications, and the comparison of those documents with the method steps of the patent in suit contained in Defendants' Exhibit 148 clearly indicates that they

---

2. Claim 1 states:
"WHAT I CLAIM AS MY INVENTION IS:—
    (1) in a curling iron heater, a liquid containing vessel, means for heating the vessel to generate steam therein and means for admitting and supporting a curling iron within the area containing the generated steam."

The patent specification states:
"I have found that permanently waved hair or naturally curly or wavy hair can be effectively set into artistic and systematic waves by utilizing the curling irons heated by *steam or hot water heat* . . ." (emphasis supplied)
Clearly, heating curlers with steam is an alternative method taught by the patent.

do in fact disclose each of the steps of the Popeil method. While the method steps disclosed by the Japanese publications do not specify the temperature of curlers when used, neither do the allegedly infringing curler instructions pertaining to the defendants' products.

Based on the findings discussed above, the District Court determined that there are no differences between the method defined in the patent in suit and either the Churchill patents or the Japanese publications and that the steps of the method claim in suit are anticipated in all material respects. (Findings 44 and 52) Our examination and appraisal of the record on the basis of the opposing contentions advanced on appeal by the parties convinces us that there is substantial evidentiary support which precludes us from rejecting any of the critical factual findings relevant to the issue of anticipation by prior art as being clearly erroneous.

The District Court additionally premised its conclusion as to the invalidity of the patent in suit on the finding that the patent was obvious under 35 U.S.C. § 103. In determining the obviousness or nonobviousness of a purported invention, the Trial Court must make a number of factual inquiries and specifically express, as did the District Court herein, its findings as to each. Rockwell v. Midland-Ross Corporation, 438 F.2d 645, 651–652 (7th Cir. 1971); Gass v. Montgomery Ward & Co., 387 F.2d 129, 130 (7th Cir. 1967); Cloud v. Standard Packaging Corporation, 376 F.2d 384, 391 (7th Cir. 1967). The Court must determine: (1) the scope and content of prior art; (2) the differences between the prior art and the claim or claims at issue; (3) the level of ordinary skill in the pertinent art; (4) the presence or absence of such secondary factors as commercial success, long felt but unsolved needs and failure of others. Graham v. John Deere Co., 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

The defense of obviousness challenges the inventiveness of the purported invention rather than, as with anticipation, its novelty. The question to which the defense addresses itself is whether on the basis of the determined differences between prior art and the claims at issue "a hypothetical person having ordinary skill in the art would have found the same solution when addressing himself to the same problem." Gass v. Montgomery Ward & Co., *supra* at 130 of 387 F.2d; Appleton Electric Co. v. Efengee Electrical Supply Co., 412 F.2d 579, 582 (7th Cir. 1969); Walt Disney Productions v. Fred A. Niles Communications Center, Inc., 369 F.2d 230, 234 (7th Cir. 1966). This requirement is less stringent than the substantial identity between prior art and the purported invention which is required to find anticipation. Thus prior art which is insufficiently similar to anticipate a purported invention may still render it obvious. Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc., 436 F.2d 1180, 1183 (7th Cir. 1971); Amphenol Corporation v. General Time Corporation, *supra* at 437–438 of 397 F.2d. Where, however, a purported invention is anticipated by prior art, it cannot be disputed that it must also be obvious. Though the converse would not necessarily be true, that which refutes novelty equally refutes invention.

We conclude that the District Court's findings are amply supported by the record and that the Court did not err in its conclusion that the patent in suit is invalid because of anticipation by prior art and for obviousness. We therefore perceive no basis for disturbing the District Court's conclusion and adjudication that the method claim of United States Letters Patent No. 3,565,083 is invalid. In view of this, we deem it unnecessary to consider the contentions made concerning the Court's resolution of the issue of infringement and the related issue of misuse. There can be no infringement of an invalid patent. Ever-Wear, Inc. v.

Wieboldt Stores, Inc., 427 F.2d 373, 376 (7th Cir. 1970); Appleton Electric Co. v. Efengee Electrical Supply Co., *supra* at 583 of 412 F.2d; Novo Industrial Corporation v. Standard Screw Company, 374 F.2d 824, 828 (7th Cir. 1967).

The judgment order of the District Court is therefore affirmed.

Affirmed.