George Albert **LYON** and Lyon Incorporated, Plaintiffs,

v.

**GENERAL MOTORS CORPORATION,**
Defendant.
No. 61 C 795.

United States District Court
N. D. Illinois, E. D.
Nov. 7, 1961.

Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for plaintiff.

George N. Hibben, Davis, Lindsey, Hibben & Noyes, Chicago, Ill., Leo F. Tierney and Roger W. Barrett, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for defendant.

ROBSON, District Judge.

This is an action alleging infringement of eight patents dealing with automobile wheel covers. The plaintiffs are the patentee and a licensee. The complaint also alleges acts of unfair competition. Defendant has moved to dismiss the cause as to patent No. 2,707,449 on the ground that venue on that cause is not proper in this district.

Patent No. 2,707,449, issued in May, 1955, is a patent covering a method of making wheel covers and is the only patent of that type in suit. In support of its motion to dismiss, defendant has filed the affidavit of Roger M. Kyes, one of its vice-presidents, who states therein that defendant has manufactured no wheel covers in this district since 1954. Plaintiffs filed no responsive affidavit.

The provision governing venue in patent infringement actions is 28 U.S.C. § 1400(b). (Fourco Glass Co. v. Transmirra Products Corporation et al., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957)). It provides that actions for infringement may be brought in the district where defendant resides or where defendant has committed acts of infringement and has a regular and established place of business. Although defendant, a Delaware corporation, admittedly has a place of business in this district, it has manufactured no wheel covers by the patent method, here, within the period alleged in the complaint. Therefore, no actionable infringement occurred here.

The sale of the product of the infringing process or method would not constitute an infringement of the method patent within this district. (Merrill v. Yeomans, 94 U.S. 568, 24 L.Ed. 235 (1876); In re Amtorg Trading Corporation, 75 F.2d 826, 22 CCPA 558 (1935); Foster D. Snell, Inc. v. Potters et al., 88 F.2d 611 (C.C.A. 2, 1937); Metro-Goldwyn-Mayer Corporation v. Fear, 104 F.2d 892 (C.C.A. 9, 1939); 3 Walker on Patents, Deller's Edition, § 843 (1960 Supp.); 69 C.J.S. Patents § 289.)

There has been no waiver by defendant of the improper venue by its filing a formal appearance and answer. Defenses to the merits may be joined with defenses to the jurisdiction and objection to improper venue, without waiving such defenses (Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.; Shall v. Henry et al., 211 F.2d 226 (C.A. 7, 1954); Blank v. Bitker, 135 F.2d 962 (C.C.A. 7, 1943)). The Court concludes that the defendant has not waived the right to object to improper venue and its objection was timely raised. Therefore this Court lacks venue to try the action on patent No. 2,707,449, and it is ordered that the motion to dismiss the cause of action as to said patent is granted.

Defendant's motion also seeks dismissal of the cause of action for unfair competition stated in paragraphs 17, 18 and 19 of the Complaint. They allege "wrongful acts of unfair competition in illegally appropriating valuable proprietary and confidential information and trade secrets of the plaintiffs having to do with the manufacture of wheel covers." The basis of the motion on this facet is that there is no diversity of citizenship of the parties.

 Plaintiffs predicate jurisdiction, however, on 28 U.S.C. § 1338(b) which permits joinder of a claim for unfair competition with a substantial and related claim under the patent laws. This statute has, however, been construed to limit a "related" claim to one which rests on *substantially identical facts* (Powder Power Tool Corporation v. Powder Actuated Tool Company, Inc. et al., 230 F.2d 409 (C.A. 7, 1956); Enger-Kress Company v. Amity Leather Products Co. et al., 18 F.R.D. 347 (D.C.Wis.1955)). A reading of paragraphs 17, 18 and 19, discloses that they pertain to appropriating illegally, confidential information and trade secrets having to do with wheel covers charged with infringement of plaintiffs' patents, and also conspiring in connection therewith. It is apparent that the evidence required to support these allegations will not be substantially identical with, but in fact entirely different from, the evidence supportive of the validity and infringement issues of plaintiffs' patents. The evidence will concern different periods of time inasmuch as the secret information divulged prior to the patents' issuance becomes public thereafter. This conclusion is fortified by the above dismissal of the method patent from the suit.

The Court concludes that it is without jurisdiction of the unfair competition cause, and the motion to dismiss paragraphs 17, 18 and 19 is therefore allowed, and it is ordered that said paragraphs 17, 18 and 19 of the complaint be dismissed from this cause.