**KORATRON COMPANY, Inc., a corporation, Plaintiff-Appellant,**

v.

**LION UNIFORM, INC., a corporation, Defendant-Appellee.**

**No. 25777.**

United States Court of Appeals, Ninth Circuit.

Oct. 7, 1971.

Moses Lasky (argued), of Brobeck, Phleger & Harrison, San Francisco, Cal., James W. Geriak (argued), of Lyon & Lyon, Los Angeles, Cal., for plaintiff-appellant.

James M. Naylor (argued), of Naylor & Neal, San Francisco, Cal., Lawrence B. Biebel, Dailey L. Bugg, of Marechal, Biebel, French & Bugg, Dayton, Ohio, for defendant-appellee.

Before KOELSCH, WEICK * and WRIGHT, Circuit Judges.

WEICK, Circuit Judge:

The sole issue in this appeal is the venue of an action for infringement of a process patent, brought by the patentee, Koratron, in one District where the alleged infringer has a regular and established place of business and sells the product, but actually manufactures the product in another District.

The District Court, relying on the decision of Judge Robson in Lyon v. General Motors Corp., 200 F.Supp. 89 (N.D.Ill.1961) dismissed the complaint for lack of venue. Koratron appealed. We affirm.

Koratron in its brief frankly admits:

"If Lyon v. General Motors is correctly decided, our appeal must fail."

The pertinent statute provides as follows:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and

---

* Honorable Paul C. Weick, Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

has a regular and established place of business." 28 U.S.C. § 1400(b)

This is the sole and exclusive provision governing venue in patent infringement actions. Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961); Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957).

Koratron is a California corporation, located in California. It owns U.S. Patent No. 2,974,432, covering a process of making "permanent press" garments.

Lion is an Ohio corporation with its principal office and place of business in Dayton, Ohio. It manufactures garments in Williamsburg, Kentucky. It has a warehouse in San Francisco, California, to which it ships the finished garments from Kentucky, then it sells them from the warehouse.

It is not claimed that Lion has practiced Koratron's process in the Northern District of California. Koratron's claim is based solely on the fact that Lion warehouses and sells its finished product in the Northern District of California, the product which it manufactured in another District.

It is settled that the sale of a product made from a process does not infringe a patent on that process. Also the use of a process does not infringe a patent on the product. Merrill v. Yeomans, 94 U.S. 568, 24 L.Ed. 235 (1877); Foster D. Snell, Inc. v. Potters, 88 F.2d 611 (2d Cir.1937); In Re Amtorg Trading Corp., 75 F.2d 826 (C.C.P.A.1935), cert. denied, 296 U.S. 576, 56 S.Ct. 102, 80 L. Ed. 407; American Graphophone Co. v. Gimbel Bros., 234 F. 344 (S.D.N.Y. 1916), aff'd, 240 F. 971 (2d Cir.1917).

The venue statute is plain. In order to have venue there must be a regular and established place of business and defendant must have committed acts of infringement there. Here, defendant has a regular and established place of business in the District, but the trouble is that it did not commit any act of infringement there, for the sale of the fin-ished product does not constitute an infringement of the process.

The Court of Appeals for the Seventh Circuit cited and distinguished Lyon v. General Motors, *supra*, in the case of General Foods Corp. v. Carnation Co., 411 F.2d 528 (7th Cir.1969), cert. denied, 396 U.S. 940, 90 S.Ct. 375, 24 L. Ed.2d 242 (1969). *General Foods* involved a single patent, with claims covering both product and process. Unquestioned venue existed with respect to the product and the Court assumed pendent jurisdiction as to the process, relying on Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). We do not regard *General Foods* as militating against the rule of *Lyon.*

It is the theory of Koratron that a manufacturer who infringes a process patent infringes it not only in the place of manufacture but also wherever he sells the finished product. It argues that in selling the product he is using it for profit. The difficulty is that Koratron has no authority to support this argument. In selling the finished product Lion is not using the process; the process was used in another District.

Affirmed.