356

The PATE COMPANY, an Illinois
Corporation, Plaintiff,

v.

RPS CORPORATION, a corporation, and
R. Resech, Individually, Defendants.

No. 74 C 3092.

United States District Court,
N. D. Illinois, E. D.

June 28, 1978.

Phillip A. Weiss and Irwin C. Alter, Alter
& Weiss, Chicago, Ill., for plaintiff.

John C. Brezina, Brezina & Lund, Chica-
go, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the court are defendants' motions
for summary judgment of patent invalidity
on the basis of obviousness, aggregation
and overclaiming. Defendants have also
moved to dismiss certain non-patent claims
for lack of jurisdiction over the subject
matter and for summary judgment on a
remaining non-patent claim.

The patent in suit, United States Patent
No. 3,807,110, covers a multipurpose roof
penetration curb which is intended to pro-
vide a weatherproof seal at points where
pipes of various diameters pass vertically
through the flat roofs of industrial build-
ings. The roof penetration curb is com-
prised of a rubber-like boot in the form of a
stepped pyramid, the bottom of which fits
snugly over a uniform plastic cap. The cap
covers a curb with upright walls which sur-
rounds the opening in the roof through

which the pipe passes. The cap may be cut open to accommodate pipes of different diameters without sacrificing the seal's waterproof feature. Similarly, the rubber boot may be cut away so that the topmost cylinder has an inner diameter which fits snugly against the outer diameter of the pipe passing through its center. To further assure a weatherproof seal, strap clamps are located at points where the top of the boot contacts the pipe and where the bottom of the boot encircles the cap on the curb.

### I (A)

Defendants have initially moved for summary judgment pursuant to Rule 56, Fed.R. Civ.P., on two grounds: 1) under Section 103 of the Patent Act, 35 U.S.C. § 103, on the ground that the subject matter of plaintiff's patent would have been obvious at the time the invention was made to a person possessing ordinary skill in the art to which said subject matter pertains, and; 2) on the ground that the claimed subject matter constitutes an unpatentable aggregation of old elements which perform the same function that they did in the prior art.

Summary judgment is appropriate in patent cases, as in other civil actions, only if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P., *Research Corporation v. Nasco Industries, Inc.*, 501 F.2d 358, 361–62 (7th Cir. 1974), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 689, 42 L.Ed.2d 688 (1974); *A R Inc. v. Electro-Voice, Inc.*, 311 F.2d 508, 511 (7th Cir. 1962); *NCR Corp. v. Eastman Kodak Co.*, 191 U.S.P.Q. 194, 199 (N.D.Ill.1976). The issue of whether the subject matter of plaintiff's patent satisfies the statutory requirement of non-obviousness under 35 U.S.C. § 103[1] is ultimately a question of law, *Pederson v. Stewart-Warner Corporation*, 536 F.2d 1179, 1180 (7th Cir. 1976),

*cert. denied*, 429 U.S. 985, 97 S.Ct. 505, 50 L.Ed.2d 597 (1972); *E–T Industries, Inc. v. Whittaker Corp.*, 523 F.2d 636, 641 (7th Cir. 1975), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Panther Pumps & Equipment Co. v. Hydrocraft, Inc.*, 468 F.2d 225, 227 (7th Cir. 1972), *cert. denied*, 411 U.S. 965, 93 S.Ct. 2143, 36 L.Ed.2d 685 (1973); *Armour & Co. v. Wilson & Co.*, 274 F.2d 143, 156 (7th Cir. 1960), but requires several factual inquiries to be made prior to its resolution. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). Under 35 U.S.C. § 103, the court must ascertain: 1) the scope and content of the particular art at the time of invention; 2) the differences between the state of the art at that time and the claims at issue, and; 3) the level of ordinary skill in the art during the questioned period. *Id.* See also *Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 280, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976).

Defendants cite examples of prior art in an attempt to illuminate the state of the art at the time the patented subject matter was invented and thereby show that plaintiff's invention was obvious to persons skilled in the art. It is significant to note in this respect that an issued patent is presumed valid under 35 U.S.C. § 282 and that clear and convincing evidence of invalidity is therefore necessary to overcome that presumption. *Laser Alignment, Inc. v. Woodruff & Sons, Inc.*, 491 F.2d 866, 871 (7th Cir. 1974), *cert. denied*, 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974); *Walt Disney Productions v. Fred A. Niles Communications Center*, 369 F.2d 230, 234 (7th Cir. 1966); *Bela Seating Company, Inc. v. Poloron Products, Inc.*, 297 F.Supp. 489, 507 (N.D.Ill.1968), *aff'd* 438 F.2d 733 (7th Cir. 1971), *cert. denied*, 403 U.S. 922, 91 S.Ct. 2228, 29 L.Ed.2d 701 (1971). This presumption is strengthened when the prior art references, or equivalent references, relied

---

**1.** 35 U.S.C. § 103 provides:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that

the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

358

upon by the party claiming invalidity were considered by the patent examiner before granting the patent. *Laser Alignment, Inc. v. Woodruff & Sons, Inc.*, 491 F.2d at 871; *Ekstrom-Carlson & Co. v. Onsrud Machine Works, Inc.*, 298 F.2d 765, 768 (7th Cir. 1962), *cert. denied*, 369 U.S. 886, 82 S.Ct. 1160, 8 L.Ed.2d 287 (1962); *American Needle & Novelty Co. v. Schuessler Knitting Mills*, 258 F.Supp. 98, 105 (D.C.Ill.1966), *modified on other grounds*, 379 F.2d 376 (7th Cir. 1967). Conversely, there is no presumption of validity with respect to pertinent prior art not considered by the examiner in connection with the patent application. *Fredman v. Harris-Hub Co.*, 442 F.2d 210, 214 n. 10 (7th Cir. 1971); *T. P. Laboratories, Inc. v. Huge*, 371 F.2d 231, 234 (7th Cir. 1966); *Skirow v. Roberts Colonial House*, 361 F.2d 388, 390 (7th Cir. 1966); *Kalkowski v. Ronco, Inc.*, 424 F.Supp. 343, 352 (N.D.Ill.1976); *Namirowski v. Nabisco, Inc.*, 421 F.Supp. 349, 352 (N.D.Ill.1976).

The uncited prior art references offered by defendants do not differ in any significant respect from the concepts embodied in the patents considered by the patent examiner prior to granting the patent in issue. A principal objective of the patent in suit was to combine prior art processes in a manner that would eliminate their disadvantages. The patented subject matter is accordingly credited with the elimination of leakage through seals at the juncture between the pipe and the roof, the facile accommodation of different diameters of pipe by means of a prefabricated seal, and the construction of a roof penetration curb with a plastic cover and boot particularly suited to protect the point of egress from the weather. An important function of the combination is the weatherproofing of pipes at egress points through a roof by avoiding the use of pitch seals, which tend to shrink and crack with age. The plaintiff also claims that the combination performs other novel functions but fails to identify these. Since the uncited art references relied upon by the defendants appear to be no more pertinent than those considered by the examiner prior to granting the patent in issue, they fail to undermine the validity of the patent. *See Ortho Pharmaceutical Corp. v. American Hospital Supply Corp.*, 534 F.2d 89, 93–94 (7th Cir. 1976). Until the precise differences in function and result between the plaintiff's patent and its prior art components is more fully developed, the obviousness of that difference cannot be determined as a matter of law.

The determination of obviousness also requires a factual inquiry into the experience of those skilled in the art. The parties offer conflicting evidence on this crucial question, creating a genuine issue of material fact. It is not evident from a mere visual inspection of the drawings depicting plaintiff's invention and from the prior art and testimony cited by defendants that plaintiff's design was obvious to persons of ordinary skill in the art at the time of the invention. Factual considerations such as the existence of a pronounced need for the invention, the extent of efforts directed at satisfying this need, and its general commercial success may also be pertinent to the determination of obviousness under 35 U.S.C. § 103. *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

■ Thus, in view of the stringent requirements governing summary judgment generally, the presumptive validity of patent claims under 35 U.S.C. § 282, and the specific factual inquiries exacted by the Supreme Court under 35 U.S.C. § 103, *Graham v. John Deere Co.*, 383 U.S. at 17, 86 S.Ct. 684, a grant of summary judgment would be premature at this juncture. This is not to say that the issue of obviousness could not in a proper case be decided by summary judgment. Where there are no triable issues of fact and the result is clearly a matter of law, the cause is fully susceptible to summary judgment. *Research Corporation v. Nasco Industries, Inc.*, 501 F.2d 358, 361 (7th Cir. 1974), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 689, 42 L.Ed.2d 688 (1974); *A R Inc. v. Electro-Voice, Inc.*, 311 F.2d 508, 511 (7th Cir. 1962); *Namirowski v. Nabisco, Inc.*, 421 F.Supp. 349, 352 (N.D.Ill.1976); *NCR Corporation v. Eastman Kodak Company*, 191 U.S.P.Q. 194, 198–99 (N.D.Ill.

1976). But the issue of patentability does not appear to depend wholly upon the scrutiny of prior patents in this case. Doubt as to the actual claims of the patent along with the conflicting facts and inferences raised by the parties in their respective memoranda renders summary judgment improper at this time.

Next, defendants contend that even if summary judgment is not granted on the issue of obviousness, that it is appropriate on the alternative ground that plaintiff's invention represents a mere aggregation of prior art processes which simply unifies the functions which had been performed separately by each process. This too presents a question of fact, for it is not obvious from a comparison of plaintiff's design with the prior art that plaintiff's design constituted a mere aggregation of pre-existing elements. Ambiguity exists with respect to the nature of the new functions and the results attributed by the plaintiff to the patented subject matter.

Until the court is more fully apprised of the differences between the subject matter of plaintiff's patent and the prior art, summary judgment is inappropriate on the issue of whether plaintiff's invention represents a mere aggregation of the prior elements which perform no new function.

### I (B)

■ Defendants also move for summary judgment on the ground that the plaintiff has overclaimed any invention he may have made, thereby invalidating the entire patent.

Defendant's overclaiming objection focuses upon the use of roofing felt to cover the upstanding walls of the curb as well as the use of the roof curb itself in providing weatherproof egress for pipes passing through the roof. Assuming, *arguendo*, the novelty of plaintiff's stepped rubber boot sealing element (*See* Defendants' Memorandum in Support of Motion for Summary Judgment on the Basis of Overclaiming at 5, 9–10), defendants nevertheless contend that the combination of this element with the alleged prior art (roof curb and roofing felt) results in overclaiming.

If a new element merely improves an old combination, then the patent claim must be limited to the improvement or the entire patent is void. *Lincoln Engineering Co. v. Stewart-Warner Corp.*, 303 U.S. 545, 549–550, 58 S.Ct. 662, 82 L.Ed. 1008 (1938); *Reese v. Elkhart Welding and Boiler Works, Inc.*, 447 F.2d 517, 522 (7th Cir. 1971). Defendants contend that the patented subject matter merely represents an improvement of several elements of an old combination. Since plaintiff's patent is not, according to defendants, limited to the improvement of particular elements, the entire patent is void. Plaintiff replies that the patent does not cover the invention of roof curbs (Plaintiff's Response to Defendants' Memoranda In Support of Defendants' Motions for Summary Judgment for Overclaiming and for Obviousness at 6–7) and that the remaining elements of the invention must cooperate to perform the weatherproofing function and are therefore properly claimed under the patent.

Defendants filed a similar motion for summary judgment on the issue of overclaiming approximately eighteen months before the present motion was filed. The prior motion was denied on the ground that defendants failed to adequately demonstrate that the challenged patent combined one or more elements of prior art which failed to perform a new function or achieve a novel result in the patented combination. *The Pate Company v. RPS Corporation*, No. 74 C 3092 (N.D.Ill., July 14, 1975) (Memorandum Opinion denying motion for summary judgment and attorney's fees). In the present motion defendants reallege essentially the same grounds, citing new authority and referring to certain statements made by the plaintiff in the course of discovery. The cases cited by defendants in support of their motion all involve combination patents which utilized prior art but which clearly failed to perform a new function or result. The plaintiff's statements are similarly inconclusive on the issue of overclaiming.

This court cannot conclude as a matter of law that the plaintiff has overclaimed the

patented subject matter by claiming the sealing elements as an integral unit. The invention of the roof curb is clearly not claimed by plaintiff (Plaintiff's Response to Defendants' Memoranda In Support of Defendants' Motions for Summary Judgment for Overclaiming and for Obviousness at 6–7), and the novelty and interdependence of the elements required for weatherproofing (in addition to its other functions) remains in dispute. Accordingly, defendants' motion for summary judgment on the issue of overclaiming is denied.

## II (A)

Defendants have moved pursuant to Rule 12(h), Fed.R.Civ.P., to dismiss four of plaintiff's five non-patent (unfair competition) claims on the ground that the court lacks jurisdiction over the subject matter, and have moved for summary judgment on the remaining non-patent claim.

The four non-patent claims that defendants seek to dismiss are as follows: 1) that defendant Resech breached an agreement restricting his post-employment competitive activities; 2) that defendants misused confidential information, trade secrets and technical information; 3) that defendants intentionally interfered with the contractual relationships existing between the plaintiff and certain of its employees by inducing those employees to leave the plaintiff's employ and join the defendants, and; 4) that defendant Resech refused to assign a patent application to the plaintiff involving a roof pipe carrier curb assembly (Serial No. 267,092).

28 U.S.C. § 1338(b) confers upon federal district courts original jurisdiction of any civil action asserting a claim of unfair competition when joined with a "substantial and related" claim under the copyright, patent or trademark laws. The question of whether the federal claim is substantial and related to the unfair competition claim depends upon whether the two claims "rest upon substantially identical facts." *Powder Power Tool Corp. v. Powder Actuated Tool Co.*, 230 F.2d 409, 413 (7th Cir. 1956); *Strey v. DeVine's, Inc.*, 217 F.2d 187, 189 (7th Cir. 1954). Although this standard was formulated by the Seventh Circuit prior to the Supreme Court's decision in *United Mine Workers v. Gibbs*,[2] 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), it appears to represent the law of this circuit. *Particle Data Laboratories, Inc. v. Coulter Electronics, Inc.*, 420 F.2d 1174, 1177 (7th Cir. 1969); *Skil Corporation v. Rockwell International Corporation*, 375 F.Supp. 777, 783 (N.D.Ill. 1974). Even applying the standard set forth in *United Mine Workers v. Gibbs, supra*, a fair reading of the complaint leads this court to decline to assert pendent jurisdiction over the claims in issue because they are neither derived from a common nucleus of operative fact nor are such as would ordinarily be tried in one judicial proceeding regardless of their state or federal character.

In considering the plea that the court lacks jurisdiction over the subject matter, the substance of the claim prevails over the formal allegations of the complaint. *Stepsign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32, 33 (S.D.N.Y.1977) (citations omitted). The first non-patent claim is essentially an action for breach of a contract restricting defendant Resech's post-employment competitive activities. The claim focuses on the issues of contract validity and its alleged breach by the defendant Resech. Memorandum of Defendants, Counter-Plaintiffs in Support of Motion for Summary Judgment; Memorandum in Opposition to Defendants' Motion for Summary Judgment as to Count II. Little, if any, evidence offered in support of this breach of contract claim would serve as evidence on

---

**2.** *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), formulated the following standard for the exercise of federal pendent jurisdiction over state law claims:

"The state and federal claims must derive from a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding . . . ."

The Supreme Court then stated that, "assuming substantiality of the federal issues, there is *power* in the federal courts to hear the whole." *Id.* (Footnotes omitted.)

the central issues of patent validity and infringement. Hence, the first non-patent claim clearly fails to satisfy the jurisdictional requirements of 28 U.S.C. § 1338(b).

Plaintiff's second non-patent claim concerns the misuse of confidential information or trade secrets, proof of which would constitute unfair competition under state law. *Central Specialties Co. v. Schaefer*, 318 F.Supp. 855, 859 (N.D.Ill.1970); *James C. Wilborn & Sons, Inc. v. Heniff*, 95 Ill. App.2d 155, 162, 237 N.E.2d 781 (1968); *Schulenburg v. Signatrol, Inc.*, 50 Ill.App.2d 402, 405, 200 N.E.2d 615 (1964). Since overlap between the issues of patent infringement and the misappropriation of trade secrets is not considerable, a hearing on the misuse of trade secrets would inject new issues and a large amount of facts unrelated to the other portions of the case. *See Particle Data Laboratories, Inc. v. Coulter Electronics, Inc.*, 420 F.2d 1174, 1178 (7th Cir. 1969). The court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), emphasized that the assertion of pendent jurisdiction is a matter of discretion rather than right. 383 U.S. at 726, 729, 86 S.Ct. 1130, 1139. According to the court, "Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . ." *Id.* The trade secrets allegedly misused by defendants encompass various types of information unrelated to the patented device in issue and will generally not be proved by the evidence offered in support of the patent infringement claim. *See* Plaintiff's Response to Defendants' First Set of Interrogatories to Plaintiff, Nos. 4, 8 and Supplemental Responses thereto. The evidence also concerns different periods of time inasmuch as the secret information appropriated prior to the patent's issuance becomes public thereafter, precluding an action for the misuse of trade secrets. *Lyon v. General Motors Corporation*, 200 F.Supp. 89, 91 (N.D.Ill.1961). *See Flick-Reedy Corp. v. Hydro-Line Mfg. Co.*, 351 F.2d 546 (7th Cir. 1965), *cert. denied*, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966).

The non-patent claim alleging intentional interference by the defendants with the contractual relationship existing between the plaintiff-employer and its employee is likewise not sufficiently related to the patent issues to justify the court's exercise of jurisdiction over it. It is apparent that the evidence required to support this allegation will be entirely different from the evidence required to uphold the validity of the patent and to establish its infringement. The issue of interference with contractual relationships also involves activities which occurred substantially before the events giving rise to the patent infringement claim.

The fourth non-patent claim concerns defendant Resech's failure to assign a patent application relating to a roof pipe carrier and curb assembly, Serial No. 267,092, which he apparently developed while he was employed by the plaintiff. The patent application covered a support for horizontal pipes above a roof with a supporting roller to permit movement of the pipes when they expand and contract due to temperature changes.

This court is aware of defendants' delay in bring the instant motion to dismiss and that discovery has been initiated with respect to the above non-patent claims. However, a denial of defendants' motion on either ground would not serve the interests of fairness and judicial economy. Dismissal of the aforesaid claims for want of subject matter jurisdiction is furthermore clearly appropriate at this time. Rule 12(h) Fed.R. Civ.P.

The four non-patent claims must accordingly be dismissed for lack of jurisdiction over the subject matter without prejudice to plaintiff's right to bring an action in an appropriate forum.

## II (B)

Finally, defendants move for partial summary judgment pursuant to Rule 56(b), Fed.R.Civ.P., on plaintiff's remaining non-patent claim which involves defendants' alleged misappropriation of the application leading to the patent in suit.

In deciding a motion for summary judgment, all the inferences that may be drawn from the available facts must be viewed in the light most favorable to the non-moving party, here the plaintiff. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Technograph Printed Circuits Ltd. v. Methode Electric, Inc.*, 356 F.2d 442, 446–47 (7th Cir. 1966); *2361 State Corporation v. Sealy, Incorporated*, 263 F.Supp. 845, 853 (N.D.Ill.1967). Hence, summary judgment is inappropriate where conflicting inferences may be drawn. *Crown Cork & Seal Co., Inc. v. Hires Bottling Company of Chicago*, 371 F.2d 256, 259 (7th Cir. 1967); *2361 State Corporation v. Sealy, Incorporated, supra*. Although defendant Resech's affidavit to the effect that he was not even aware of the patent application stands essentially uncontroverted, it is not conclusive on the issue of whether the defendant did, in fact, appropriate the application in question. 6A Moore's Federal Practice ¶ 56.15[4], at 524–25 (2d ed. 1977). The period that defendant Resech was employed by the plaintiff does not preclude the possibility of his access to the information comprising the patent application in question. Defendant Resech formally resigned on October 10, 1972, whereas the drawings depicting the subject matter of the patent were dated October 2, 1972. While Rule 56 requires the non-moving party to counter a motion for summary judgment with factual evidence and does not permit that party to merely rely upon its allegations, *see United States v. Mt. Vernon Mill Co.*, 345 F.2d 404, 405–06 (7th Cir. 1965); *2361 State Corporation v. Sealy, Incorporated* at 853, a genuine issue of credibility which must be submitted to the trier of fact is present here, especially since the affiant is interested in the outcome of the litigation. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1961); *2361 State Corporation v. Sealy, Incorporated, supra*.

Since all doubts concerning the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment, *Chesapeake & Ohio Ry. Co. v. International Harvester Co.*, 272 F.2d 139, 142 (7th Cir. 1959), the question of whether defendants appropriated the application for their own use raises a genuine issue of material fact.

Defendants' motion for summary judgment on the final non-patent issue is accordingly denied.

In summary:

1. Defendants' motion for summary judgment of patent invalidity on the basis of obviousness is denied.

2. Defendants' motion for summary judgment of patent invalidity on the basis of aggregation is denied.

3. Defendants' motion for summary judgment of patent invalidity on the basis of overclaiming is denied.

4. Defendants' motion to dismiss the claim that defendant Resech breached an agreement restricting his post-employment competitive activities is granted.

5. Defendants' motion to dismiss the claim that defendants misused confidential information, trade secrets and technical information is granted.

6. Defendants' motion to dismiss the claim that defendants intentionally interfered with the contractual relationships existing between the plaintiff and certain of its employees is granted.

7. Defendants' motion to dismiss the claim that defendant Resech refused to assign a patent application for a roof pipe carrier curb assembly is granted.

8. Defendants' motion for partial summary judgment on the claim that defendants misappropriated the application which led to the patent in suit is denied.