**RITE–HITE CORPORATION, Plaintiff,**

v.

**KELLEY COMPANY, INC., Defendant.**

**Civ. A. No. 83–C–434.**

United States District Court,
E.D. Wisconsin.

Oct. 1, 1983.

Gilbert W. Church, Milwaukee, Wis., and Theodore W. Anderson, Chicago, Ill., for plaintiff.

Glenn O. Starke, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action alleging patent infringement and unfair competition. In Count I of its complaint, plaintiff Rite-Hite Corporation ("Rite-Hite") alleges that defendant Kelley Company's ("Kelley") "Truk Stop" truck restraining device infringes a U.S. patent pertaining to plaintiff's "Dok-Lok" truck restraining device.* Count II alleges that Kelley has produced a motion picture comparing the parties' devices, and that the motion picture misrepresents the characteristics and operation of Rite-Hite's device. Rite-Hite has invoked federal jurisdiction pursuant to 28 U.S.C. § 1338. However, Kelley contends that § 1338(b) does not

---

* While the specific physical characteristics of the two products are not yet before the Court, it appears that these restraining devices are releasable locking devices mounted to the faces of loading docks. They perform the vital function of ensuring that trailers do not roll away from the dock while loading operations are underway.

grant jurisdiction over the unfair competition claim, and moves to dismiss Count II. The motion is denied.

The essence of Kelley's argument is that the facts giving rise to the two counts are so unrelated that joinder is improper. In support of its argument, Kelley cites several cases decided by the Seventh Circuit in the 1950's, which hold that a claim of unfair competition may be joined to a claim of patent infringement only if the two claims arise out of substantially identical facts. Kelley then contends that the issues of the patent's validity and the alleged unfairness of the motion picture depend on entirely different facts. Additionally, Kelley notes that the patent infringement claim and the unfair competition claim pertain to different devices manufactured by the plaintiff. Rite-Hite responds that the Supreme Court's holding in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) modified the standard for joinder of unfair competition claims in patent litigation and that the cases Kelley relies on are therefore no longer good law. Rite-Hite also contends that the fact that it can introduce evidence tending to support a judgment in its favor on both counts compels the conclusion that the claims are related within the meaning of § 1338(b). The issues before the Court, then, are 1) whether the standard for joinder under § 1338(b) has been modified by *United Mine Workers v. Gibbs, supra,* and 2) whether the claims set forth in Counts I and II satisfy the prevailing standard. I resolve both matters in Rite-Hite's favor.

## I.

The parties have devoted most of their arguments to the first issue, and therefore some explication is appropriate. Federal law provides explicitly for the joinder of claims of unfair competition with claims of patent, trademark, or copyright infringement. Under 28 U.S.C. § 1338(b),

> The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

At one time, the issue of whether a claim of unfair competition was "related" within the meaning of this section was resolved with reference to the doctrine of pendent jurisdiction as announced in *Hurn v. Oursler,* 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). Under *Hurn,* a district court was empowered to entertain a claim for relief under state law if it arose out of the same cause of action as the federal claim. The doctrine was (and is) discretionary. *Id.* Thus, cases in this circuit have held that the court can exercise pendent jurisdiction over unfair competition claims joined with patent infringement claims if the claims ". . . rest upon substantially identical facts." *Powder Power Tool Corp. v. Powder Actuated Tool Co.,* 230 F.2d 409, 413 (7th Cir. 1956). *See also Lyon v. General Motors Corp.,* 200 F.Supp. 89 (N.D.Ill.1961); *Enger-Kress Co. v. Amity Leather Co.,* 18 F.R.D. 347 (E.D.Wis.1955). *Compare Strey v. Devine's, Inc.,* 217 F.2d 187 (7th Cir.1954) (applying same standard in trademark context).

However, the Supreme Court broadened the scope of pendent jurisdiction in *United Mine Workers v. Gibbs, supra.* It rejected the cause of action-based approach taken in *Hurn* as "unnecessarily grudging," 383 U.S. at 725, 86 S.Ct. at 1138, and held that pendent state claims could be entertained with federal claims if they all ". . . derive from a common nucleus of operative fact." *Id.* In the wake of *Gibbs,* a number of courts have indicated that the standard for joinder under § 1338(b) had been relaxed commensurately. *See e.g., Sims v. Western Steel Co.,* 551 F.2d 811 (10th Cir.), *cert. denied,* 434 U.S. 858, 98 S.Ct. 182, 54 L.Ed.2d 131 (1977); *Rainville Co. v. Consupak, Inc.,* 407 F.Supp. 221 (D.N.J.1976); *General Foods Corp. v. Struthers Scientific & Int'l Corp.,* 297 F.Supp. 271 (D.Del.1969); *Research Frontiers Inc. v. Marks Polarized Corp.,* 290 F.Supp. 725 (E.D.N.Y.1968). *See also Jenn-Air Products Co. v. Penn Ventilator, Inc.,* 283 F.Supp. 591 (E.D.Pa.1968)

(even if state law claim did not satisfy § 1338(b), it could be entertained under general principles of pendent jurisdiction because it shared common nucleus of operative fact with federal claim).

The Seventh Circuit, however, has yet to determine whether the more lenient standard of *Gibbs* is applicable to 1338(b) joinder. In *Particle Data Laboratories, Inc. v. Coulter Elec., Inc.,* 420 F.2d 1174 (7th Cir. 1969), the court held that it was unnecessary to determine the continuing vitality of *Powder Power Tool Corp., supra,* because the district judge had dismissed the state law claims and the plaintiff was unable to show that this was an abuse of discretion. More recently, in *Pate Co. v. RPS Corp.,* 685 F.2d 1019 (7th Cir.1982), *affirming* 79 F.R.D. 356 (N.D.Ill.1978), the court declined to resolve the issue for the same reason. Kelley notes that the district judge in that case concluded that the *Powder Power Tool Corp.* standard "... appears to represent the law in this circuit." 79 F.R.D. at 360. That language, however, was *dicta.*

■ I am satisfied that the "substantially identical facts" standard of *Powder Power Tool Corp.* is no longer controlling. Implicit in Kelley's argument is the contention that patent litigation should be governed by a standard of joinder stricter than that which is applicable in other areas. However, § 1338(b) was enacted to permit common law and statutory rights to be vindicated in a single proceeding, thereby avoiding piecemeal litigation in a complex area of law. *Stanley Works v. Globemaster, Inc.,* 400 F.Supp. 1325 (D.Mass.1975). In light of the need to conserve judicial resources in complex litigation, there appears every reason to apply a standard for joinder that is as broad as that which would apply under the decisional doctrine established in *Gibbs.* I conclude that a claim of unfair competition is "related" to a claim of patent infringement under § 1338 if the claims derive from a common nucleus of operative fact.

## II.

The remaining question is whether the two counts Rite-Hite asserts satisfy this standard. Kelley contends that because the device covered by the patent is not the same device depicted in the motion picture, the claims are totally unrelated. On this record, I do not agree.

Rite-Hite argues, and Kelley does not dispute, that the two products are the result of continuing research and development. It appears that they perform precisely the same function. Rite-Hite also argues that the two products are "identical," and Kelley responds that they are "separate and distinct." While the specific characteristics of the two Rite-Hite products are not yet before me, it is fair to infer that they are not so dissimilar that joinder of the two counts is clearly inappropriate.

■ In any event, it is clear that the alleged wrongdoing in both counts arises from the defendant's efforts to compete by producing and advertising its "Truk Stop" device. While the extent to which the time periods contemplated in the two counts overlap is not clear, they are clearly not so remote as to compel a conclusion that the two counts are wholly unrelated.

This case is still in its incipience, and an exhaustive inquiry into the factual dissimilarities between the two counts would be inappropriate at this early stage. Typically, the question of the Court's jurisdiction should be resolved prior to undertaking any searching factual inquiry. Because it appears that the two counts derive from a common nucleus of operative fact, and that plaintiff would, therefore, be expected to try them in a single proceeding, joinder was proper. I conclude that I have jurisdiction over Count II, and that it is within my discretion to entertain the claim asserted therein.

THEREFORE, IT IS HEREBY ORDERED that defendant's motion to dismiss Count II of the complaint for lack of subject matter jurisdiction is denied.