**J.M. HUBER CORPORATION, Plaintiff,**

v.

**POSITIVE ACTION TOOL OF OHIO COMPANY, INC. and Donald E. Sable, Defendants.**

Civ. A. No. H–93–2589.

United States District Court,
S.D. Texas,
Houston Division.

March 16, 1995.

Jacks C. Nickens, Clements O'Neill Pierce & Nickenskup, Houston, TX, C. James Bushman, Browning Bushman Anderson & Brookhart, Houston, TX, for J.M. Huber Corp.

Eugene Montgomery Nettles, Scott Douglass & Luton, Houston, TX, for Enterra Oilfield Products, Inc., Guideco.

J. Clifford Gunter, III, Bracewell & Patterson, Houston, TX, Daniel O. Goforth, Goforth Lewis Scott & Williams, Houston, TX, for Positive Action Tool of Ohio Co., Inc., Donald E. Sable.

### MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT

STACY, United States Magistrate Judge.

Pending before the Court is Plaintiff J.M. Huber Corporation's Motion for Partial Judgment and Partial Summary Judgment on Defendants' counterclaim of unfair competition pursuant to Rule 56 of the Federal Rules of Civil Procedure. Instrument No. 34. Having considered the motion, the submissions of the parties, and the applicable law, the Magistrate Judge ORDERS that Plaintiff J.M. Huber Corporation's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part.

On February 4, 1994, the parties consented to trial before United States Magistrate Judge Frances H. Stacy. Upon such consent, United States District Judge Ewing Werlein, Jr. referred the case for all proceedings to Judge Stacy.

### I. Procedural Background

On August 20, 1993, Plaintiff J.M. Huber Corporation ("Huber") filed a declaratory

judgment action against Positive Action Tool Company of Ohio Company, Inc. ("Patco") and Donald E. Sable ("Sable") (collectively "Defendants"). Huber sought a declaration that (1) it had not infringed upon patent 5,191,938; (2) that patent 5,191,938 is invalid and/or unenforceable; and (3) that Patco and Sable cannot threaten or maintain suit against Huber for infringement of patent 5,191,938. Huber also sought an injunction against Patco and Sable preventing them from initiating, maintaining or threatening a patent infringement suit against Huber or its customers.

On September 15, 1993, Defendants filed an answer to Huber's declaratory judgment action and brought three counterclaims against Huber. In the first counterclaim, Defendants alleged that Huber infringed on Sable's Patent No. 5,191,938. In the second counterclaim, Defendants alleged that Huber infringed on Sable's Patent No. 5,191,876. In their third counterclaim, Defendants alleged that Huber acquired confidential information from Defendants and then used that confidential information to (1) copy Patco devices and inventions (2) infringe on patents 5,191,938 and 5,191,876 and (3) discover information regarding the validity of patents 5,191,938 and 5,191,876.

On December 27, 1993, Huber filed a Motion to Compel Discovery on Defendants' unfair competition counterclaim and a Motion to Identify the Confidential Information that formed the basis of defendants' unfair competition counterclaim. On February 2, 1994, Huber filed a Motion for Partial Summary Judgment on defendants' unfair competition counterclaim. On March 3, 1994, this Court granted Huber's Motion for Partial Summary Judgment on defendants' counterclaim of unfair competition on the basis that the defendants' counterclaim was barred by the applicable two year statute of limitations. Instrument # 19.

Subsequently, on April 29, 1994, Patco filed a First Amended Counterclaim alleging three counterclaims. Instrument # 31. The first counterclaim alleged an infringement of Patent No. 5,191,938. The second counterclaim alleged an infringement of Patent No. 5,191,876. The third counterclaim alleged unfair competition. Specifically in response to Patco's third counterclaim, on May 19, 1994, Huber filed the instant Motion for Partial Judgment on the Pleadings and for Partial Summary Judgment. Instrument # 34.

Huber argues that defendants' third counterclaim for unfair competition is insufficient to allow judgment for defendants for the following reasons: (1) the unfair competition claim relates to a cause of action which this Court has already ruled is barred by the statute of limitations; (2) the allegations fail to state a claim upon which relief can be granted; (3) failure to allege a cause of action involving a genuine issue of fact for which, as a matter of law, defendants are not entitled to relief; or (4) defendants are alleging a cause of action over which this Court has no jurisdiction. Instrument # 34 at 1.

In response, defendants concede that while this Court did grant Huber's Motion for Partial Summary Judgment on March 3, 1994, the Court's decision did not dispose of the other claims of unfair competition. Instrument # 41 at 2. It is the defendants' position that the grant of Huber's Motion for Partial Summary Judgment was limited to the claim of unfair competition based on misappropriation of confidential information. Consequently, there are other claims of unfair competition which remain open and which were plead in Defendants First Amended Counterclaim filed on April 29, 1994. These claims include: (1) misappropriation of trade secrets disclosed prior to April 1991; (2) intentional and deliberate reproduction and copying of Patco devices and inventions by Huber after Huber was informed that the devices were being patented; (3) deliberate patent infringement; (4) non disclosure of information that Huber allegedly represented it had but refused to disclose; (5) deliberate copying of defendants' products and representing to the public that said products were Huber's original designs; (6) publication, promotion, and dissemination of false test results in Huber's sales brochures and other advertising literature. Instrument # 31 at 4–6.

## II. Summary Judgment Standard

Summary judgment is proper when pleadings and evidence on file, along with affida-

vits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The substantive law determines which facts are material, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986), and the Court must view these facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986).

The burden of proof is on the moving party to show an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986). Once this burden has been met, the nonmoving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact does indeed exist and that it consists of more than bare allegations in briefs and pleadings. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The plain language of Rule 56(c) mandates the entry of summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

### III. Unfair Competition Counterclaim Based on Misappropriation Barred by Limitations

■ The statute of limitations for an unfair competition claim based on misappropriation of trade secrets or misappropriation of confidential information is two years. *Tex. Civ.Prac. & Rem.Code Ann.* § 16.003(a); *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir.1991). The statute of limitations begins to run on a cause of action when the wrongful conduct (the misappropriation) occurs, *See generally, Dotson v. Alamo Funeral*

*Home*, 577 S.W.2d 308, 311 (Tex.Civ.App.—San Antonio 1979, no writ), and when a party either discovers the misappropriation or has sufficient facts to require an investigation into whether a misappropriation occurred. *Coastal Distributing Co. v. NGK Spark Plug Co.*, 779 F.2d 1033, 1036 (5th Cir.1986); *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991). If a party has a reasonable basis to suspect wrongdoing, that party is obligated to exercise diligence to discover whether wrongdoing has in fact occurred. *Willis v. Maverick*, 760 S.W.2d 642, 644–45 (Tex.1988).

■ Defendants' unfair competition counterclaim based on misappropriation, when viewed in light of *Matter of Placid Oil Co.*, 932 F.2d 394, 398–99 (5th Cir.1991) and *Willis v. Maverick*, 760 S.W.2d 642, 644–45 (Tex. 1988), is without merit. As discussed in the Court's Memorandum and Order of March 3, 1994, Defendants knew or should have discovered, through an exercise of diligence, Plaintiff's alleged wrongdoing in April 1991. Given the deposition testimony of Defendant Sable that he was "personally convinced" of Plaintiff's wrongdoing in April 1991, Defendants cannot credibly claim that they did not know and should not have known of Plaintiff's alleged wrongdoing until late 1992. Because Defendants knew or should have discovered their unfair competition cause of action against Plaintiff by April 1991, and because Defendants did not raise their claim until September 1993, some two years and four months after the cause of action accrued, the statute of limitations bars Defendants' unfair competition counterclaim. See *Matter of Placid Oil Co.*, 932 F.2d 394, 398–99 (5th Cir.1991); *Coastal Distributing Co. v. NGK Spark Plug Co.*, 779 F.2d 1033, 1036 (5th Cir.1986).

The evidence presented by Huber establishes that Huber, for a period of approximately a year, negotiated a possible purchase of the Patco companies with Sable and Patco. The negotiations concluded on April 19, 1991. During the course of those negotiations confidential information was disclosed to Huber. The uncontroverted evidence establishes that as of April 19, 1991, when the negotiations were discontinued, Sable was "personally convinced" that Huber had engaged in pur-

chase negotiations with the express purpose of acquiring and using Sable's and Patco's confidential information. Huber Exhibit 2, p. 296. Based on the uncontroverted evidence that both Sable and Patco knew on April 19, 1991 that Huber was in possession of confidential information and Sable's certainty that Huber would improperly use that confidential information, the statute of limitations commenced on April 19, 1991. Thus, under the two year statute of limitations, Sable and Patco had until April 19, 1993 to file their misappropriation and unfair competition claim. Defendants' unfair competition counterclaim, which was not filed until September 15, 1993, was not timely, and is therefore barred by limitations.

### IV. Unfair Competition Counterclaim Based on Copying of Products Not Yet Patented is Barred as a Matter of Law.

■ There is no relief available under the patent laws where a product is not yet protected by a patent or a copyright. As such, the product cannot be the subject of a claim of unfair competition. "The inventor of a new and useful device has no exclusive right to it until he obtains a patent. The right to exclude is created by the patent grant, and no suit can be maintained by the inventor against anyone for using it before the patent is issued." *Coakwell v. U.S.*, 178 Ct.Cl. 654, 372 F.2d 508, 511 (1967). Furthermore, where a product is unprotected by a patent or copyright, "state law may not forbid others to copy that article. To forbid copying would interfere with federal policy...." *Compco Corp. v. Day–Brite Lighting, Inc.*, 376 U.S. 234, 237, 84 S.Ct. 779, 782, 11 L.Ed.2d 669 (1964); *Foster v. American Machine & Foundry Co.*, 492 F.2d 1317, 1323 (2d Cir.1974) (stating that there can be no patent infringement prior to the issue date of the patent).

■ In the instant case, defendants allege Huber competed unfairly with the defendants by intentionally and deliberately copying defendants' products that were "clearly marked 'PAT. PENDING'." Instrument # 41 at 4. However, since the right to prevent copying of products arises upon the issuance of a patent, there can be no liability for unfair competition based on the copying of a product prior to the issuance of a patent. *See Foster v. American Machine & Foundry Co.*, 492 F.2d 1317, 1323 (2d Cir.1974).

### V. Unfair Competition Counterclaim Based on Deliberate Patent Infringement is not actionable as Unfair Competition.

■ A claim for alleged patent infringement is properly actionable under 35 U.S.C. §§ 271, 284, not as an act of unfair competition. It is well recognized that the federal district courts have exclusive jurisdiction of any civil action relating to patents pursuant to 28 U.S.C. § 1338. As such, the state unfair competition laws are preempted by the federal patent laws. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Most recently, the United States Court of Appeals for the Federal Circuit has noted that the "infringement of patent rights, domestic or foreign, is not generally recognized as coming within the rubric of 'unfair competition'." *Mars Inc. v. Kabushiki–Kaisha Nippon Conlux*, 24 F.3d 1368, 1373 (Fed.Cir.1994).

Therefore, defendants' assertion of a cause of action for the alleged infringement of Patent Nos. 5,191,938 and 5,191,876 brought under the umbrella of unfair competition is without merit. The alleged infringement is properly actionable under the federal patent laws.

### VI. Unfair Competition Counterclaim Based on Non–Disclosure is Barred for a Lack of Duty to Disclose.

■ Defendants argue that Huber owed a duty not to disclose or use the confidential information obtained from Patco. This duty allegedly arose both as a result of a "confidential relationship" that existed by virtue of a "long-time friend[ship]" between the parties, and as a result of the buyer-seller relationship. Instrument # 120 at 14–15. Both arguments are without merit.

The Fifth Circuit has held that one party's contention that there was a friendship is insufficient under Texas law to establish a confidential relationship. *Rutherford v. Exx-*

*on Co. U.S.A.*, 855 F.2d 1141, 1146 (5th Cir. 1988). Furthermore, the Court held that the long-term business relationships between the parties, which included many contract negotiations and business dealings, did not establish a confidential relationship. *Id.* A recent Texas Supreme Court decision affirms the position that a long-term business relationship does not create a confidential relationship. *See Crim Truck & Tractor v. Navistar Intern. Transp. Corp.*, 823 S.W.2d 591, 593–94 (Tex.1992).

In the instant case, the facts do not indicate the existence of a "confidential relationship" between Huber and Patco such that a legal duty to disclose could be inferred. Furthermore, there is no legal foundation to substantiate defendants' claim that the friendship between the parties created a confidential relationship. Therefore, the unfair competition counterclaim based on the non-disclosure to Patco of information allegedly in the possession of Huber is without merit.

### VII. Unfair Competition Counterclaim Based on False Advertising Is a Related Claim over which the Court has Jurisdiction.

Federal court jurisdiction in actions for unfair competition when joined with a substantial and related claim under the patent laws is recognized in 28 U.S.C. § 1338(b). A claim of unfair competition is "related" to a claim of patent infringement under section 1338(b) if the claims derive from a common nucleus of operative facts. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Rite–Hite Corp. v. Kelley*, 99 F.R.D. 332 (D.C.Wis. 1983).

In the instant case, the false advertising claim concerns products which Huber manufactured while allegedly infringing Patco's patents. Since the issue of patent infringement is the basis of the underlying action, the claim for unfair competition based on false advertising is sufficiently related to the underlying action to sustain federal jurisdiction of the false advertising claim by this Court pursuant to section 1338(b).[1]

Based on the foregoing, the Magistrate Judge ORDERS that Plaintiff Huber's Motion for Partial Judgment on the Pleadings and Partial Summary Judgment (Instrument # 34) is GRANTED as to the following unfair competition claims:

(1) misappropriation of trade secrets disclosed prior to April 1991;

(2) intentional and deliberate reproduction and copying of Patco devices and inventions by Huber prior to the issuance of a patent;

(3) deliberate patent infringement;

(4) non. disclosure of information that Huber allegedly represented it had but refused to disclose;

and is DENIED as to the following unfair competition claims:

(1) deliberate copying of defendants products and representing to the public that said products were Huber's original designs;

(6) publication, promotion, and dissemination of false test results in Huber's sales brochures and other advertising literature.

The Clerk shall provide a true copy of this Order to all counsel and unrepresented parties of record.

---

1. Huber has not raised the issue of the statute of limitations with regards to the false advertising claim. Nevertheless, Defendants argue in the alternative that if the statute of limitations does bar the claim, Texas Civil Practice and Remedies Code § 16.069 revives its unfair competition claim regardless of the two year statute of limitations. In order to use section 16.069 to revive a claim barred by limitations, a defendant must be able to show that its counterclaim or cross-claim arises out of the same transaction or occurrence as the plaintiff's claims. This requires a showing that the plaintiff's claims and the defendant's claims are logically related. *See Tindle v. Jackson Nat. Life Ins. Co.*, 837 S.W.2d 795, 798 (Tex.App.—Dallas 1992, no writ); *Jack H. Brown & Co. v. Northwest Sign Co.*, 718 S.W.2d 397 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). However, given that the Court has found a substantial relationship between Huber's claims and Defendants' unfair competition counterclaim based on false advertising under section 1338(b), there is no need to specifically address defendants' argument based on Texas Civil Practice and Remedies Code § 16.069.